805 So.2d 854 (2001)
Stanley A. TARKOW, Appellant,
v.
Miriam R. TARKOW, Appellee.
No. 2D00-5345.
District Court of Appeal of Florida, Second District.
August 24, 2001.
*855 Raymond T. Elligett, Jr., of Schropp, Buell & Elligett, P.A., Tampa, for Appellant.
Joseph R. Park and Mark A. Ossian of Park, Ossian and Zdravko, P.A., Clearwater, for Appellee.
ELLIS, CYNTHIA A., Associate Judge.
Stanley Tarkow (the husband) appeals from a final judgment of dissolution of marriage and challenges the permanent periodic alimony award to Miriam Tarkow (the wife). We reverse and remand for the trial court to enter a reduced alimony award.
On October 13, 1998, the husband filed a petition for dissolution of marriage. At that time, the parties had been married for twenty-six years, the husband was fifty-two years of age, and the wife was forty-eight years of age. The parties have three adult children. During the marriage the husband, an attorney, was the primary wage earner. The wife cared for their children and the home, but she also did some part-time work in her own interior decorating business, as well as a small amount of acting and modeling work.
After conducting a final hearing, the trial court rendered the final judgment of dissolution of marriage on July 7, 2000. The trial court made an equal equitable distribution, with each party receiving a net distribution of $381,697.50 in assets, which neither party challenges. At issue is the trial court's permanent alimony award to the wife of $9,000 per month. In making its alimony determination, the trial court imputed $1,000 per month income to the wife, in keeping with the wife's history of part-time earnings. The trial court based the husband's ability to pay on an annual income of $201,000, not the $244,000 that the wife asserted.[1]
*856 We hold that the $9,000 per month alimony award was reversible error based on a change in the law and a lack of competent substantial evidence. "The purpose of permanent periodic alimony is to provide for the needs and necessities of life for a former spouse as they were established during the marriage of the parties." Mallard v. Mallard, 771 So.2d 1138, 1140 (Fla.2000). Here, the wife's amended financial affidavit contains expenses that have no legal or factual basis. Her financial affidavit includes a "savings alimony" expense, but after the trial court entered the final judgment, the Florida Supreme Court held that "alimony may not include a savings component." Mallard, 771 So.2d at 1141. The wife's affidavit also lists a nonexistent education expense, a life insurance premium that was double the actual cost, and other overinflated items. To support an award of permanent periodic alimony, the record must establish a spouse's need for support and the other spouse's ability to pay. See Gerard v. Gerard, 656 So.2d 186 (Fla. 2d DCA 1995). Based on the record evidence, we reverse the permanent alimony award of $9,000 per month and direct the trial court on remand to reduce the alimony award to $8,000 per month.[2] In all other respects, the final judgment of dissolution is affirmed.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, A.C.J., and WHATLEY, J., Concur.
NOTES
[1] The trial court found that the husband's bonus income was speculative and did not include it in his income, and the record supports that finding. Therefore, we note that for the purpose of any future modification, the final judgment is based on the trial court's finding of a $201,000 annual income for the husband.
[2] We note that the court provided for a reduction in alimony after two years and again after four years to correspond to an anticipated increase in the wife's income. Neither party challenges that provision. Thus, in addition to decreasing the original $9,000 amount by $1,000, the trial court must correspondingly decrease the reduced alimony amounts.