839 So.2d 788 (2003)
Richard FISHER, M.D., Appellant,
v.
Claudia SMITHSON, John Smithson and Eric Smithson, a minor, by Claudia Smithson and John Smithson, as natural guardians and next of kin, Appellees.
No. 4D02-1946.
District Court of Appeal of Florida, Fourth District.
February 19, 2003.
Rehearing Denied March 25, 2003.
*789 Shelley H. Leinicke of Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, for appellant.
Julie H. Littky-Rubin of Lytal, Reiter, Clark, Fountain & Williams, LLP, West Palm Beach, for appellees.
STEVENSON, J.
This appeal involves the issue of whether the trial judge abused her discretion in granting the plaintiffs' motion for new trial based on the trial judge's conclusion that the jury's verdict was contrary to the weight of the evidence. The primary liability issue at trial centered around whether the defendant, Dr. Fisher, should have recognized that Claudia Smithson's symptoms were related to a cardiac condition and ordered testing and treatment therefor. Smithson suffered a heart attack shortly after being seen by Dr. Fisher and treated for what Dr. Fisher concluded was a gastric condition. At the hearing on the motion for new trial, the trial judge reflected on the testimony adduced at trial and concluded that the verdict was contrary to the manifest weight of the evidence. After considering the expert testimony and other evidence presented at trial, the trial judge concluded that Dr. Fisher should have recognized that Smithson's symptoms were cardiac related and should have ordered appropriate testing and treatment. The trial judge found that the jury's verdict finding no liability on the part of Dr. Fisher was against the manifest weight of the evidence. We affirm.
Appellant argues that the trial judge abused her discretion because she granted the motion for new trial merely because she didn't like the fact that the jury took only fifteen to twenty minutes to deliberate on this complex medical malpractice case. Certainly, the length of time within which a jury confers is not in and of itself sufficient grounds to grant a new trial. See Park v. Belford Trucking Co., 165 So.2d 819, 823 (Fla. 3d DCA 1964); see also Miner v. McKesson Corp., 784 So.2d 1156 (Fla. 2d DCA), review dismissed, 791 So.2d 1099 (Fla.2001). In the instant case, the contention that the trial judge granted the motion for new trial only because of the length of time that the jury deliberated is not fully borne out by the record. Although the trial judge said that she "might" not have granted the motion for new trial had the jury took longer to deliberate, these comments must be interpreted as no more than extraneous judicial musings in light of her clear and definite statement that the verdict was contrary to the weight of the evidence as she perceived it during the trial. Here, we conclude that the trial judge did not abuse her broad discretion in ruling on the motion for new trial and affirm. See Brown v. Estate of Stuckey, 749 So.2d 490, 497 (Fla.1999)(stating that the trial judge's broad discretion permits the granting of a new trial even though it is not "clear, obvious, and indisputable that the jury was wrong").
AFFIRMED.
FARMER, J., concurs.
HAZOURI, J., dissents with opinion.
HAZOURI, J., dissenting.
I respectfully dissent. The majority relies on Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999), for affirmance and although Brown affords wide latitude in the trial judge exercising her discretion in the granting of a new trial based on the *790 jury's verdict being contrary to the manifest weight of the evidence, that discretion is not unbridled.
The instant case involves a medical malpractice action in which the issues of negligence and causation were hotly contested in a one week jury trial. The jury deliberated for approximately 15-20 minutes before arriving at a verdict for the defendant below (Dr. Fisher). Following the publishing of the verdict, the trial judge directed the clerk to poll the jury. In response to the inquiry by the clerk ... "is this your verdict?" each juror answered in the affirmative. After the jury was discharged, the trial judge made the following statement: "The court will enter judgment on the record when counsel prepares it, and the court makes its finding of fact in accordance with the jury's findings in exactly the same manner."
The transcript of the hearing on the Motion for New Trial reflects that although the trial judge asserts that she granted the motion because the verdict was contrary to the manifest weight of the evidence, she was very troubled by the length of time of jury deliberations and that was in fact the primary basis for granting the new trial. She repeatedly acknowledges that expert witnesses for both parties disagreed and many issues were "close questions." She also repeatedly made reference to the short time of the jury's deliberation.
At the conclusion of the hearing, the trial judge stated: "I don't want to analyze the evidence as a juror and I want to weigh if (sic) I think it meets the standard manifest weight of the evidence without a directed verdict. Had the jury taken longer to deliberate, I might not have granted this motion. For those reasons, that's my ruling." The majority suggests that this statement must be interpreted as no more than extraneous judicial musings. To the contrary, the "judicial musings" are the trial judge's attempt to justify granting the new trial without articulable and sustainable reasons. With the issues of negligence and causation being hotly contested, and with expert testimony supporting each side, I fail to understand how the verdict could be contrary to the manifest weight of the evidence. Saying that this verdict is contrary to the manifest weight of the evidence does not make it so.
The length of time of the jury's deliberation has no bearing on whether the verdict is contrary to the manifest weight of the evidence, and is not a basis for granting a new trial. Therefore, I dissent.