842 So.2d 994 (2003)
Robert Donald HUTTO, Appellant/Cross-Appellee,
v.
Holly Denise HUTTO, Appellee/Cross-Appellant.
No. 2D02-1234.
District Court of Appeal of Florida, Second District.
April 16, 2003.
*995 Jesse J. Bennett, Jr. of Hall & Bennett, Winter Haven, for Appellant/Cross-Appellee.
Mark A. Sessums of Frost, Tamayo, Sessums & Aranda, P.A., Bartow, for Appellee/Cross-Appellant.
VILLANTI, Judge.
Robert Donald Hutto appeals from the final judgment of dissolution of marriage. He argues that the alimony award to his former wife, Holly Denise Hutto, was excessive and contained a savings component in contravention of established law. Mrs. Hutto cross-appeals the denial of her request for attorney's fees. We affirm the alimony award, reverse the denial of fees, and remand for further proceedings.
The parties were married for approximately twenty-three years before the dissolution proceedings began. Mr. Hutto is an engineer who has worked primarily on overseas projects. When he is overseas, he receives his base salary plus additional compensation based on the location, and his employer provides food, housing, and transportation. Due to the parties' frequent moves, Mrs. Hutto did not hold a steady job during the marriage. Joint tax returns admitted into evidence showed $146,126 in income for 1997, $189,413 for 1998, and $154,536 for 1999. However, the most earned by Mrs. Hutto during these years was approximately $14,000. At the time of trial, the parties stipulated that Mr. Hutto's annual net base salary was approximately $85,200 while Mrs. Hutto's annual gross income was $36,000.
Early in the dissolution proceedings, Mrs. Hutto received a temporary alimony award of $2000 per month. With this award and her salary at the time of trial, Mrs. Hutto had about $518 left over each month. However, she also testified that she had lowered her standard of living and decreased her living expenses since the parties' separation. Between the parties' separation and the time of trial, Mrs. Hutto spent about $27,000 of the $35,000 she had in savings while Mr. Hutto saved about $22,000. After considering all the evidence presented on the issue, the trial court awarded Mrs. Hutto $1500 per *996 month in permanent alimony in the final judgment.
In this appeal, Mr. Hutto argues that the alimony award of $1500 was excessive. He complains about Mrs. Hutto's estimate of $300 per month for clothing and $290 per month for credit card bills, which he alleged was the outstanding balance on the cards rather than a recurring amount. However, Mr. Hutto estimated, inter alia, $200 per month for his clothing, $1000 per month for his vacations, and $700 per month for his entertainment. Moreover, he was able to save approximately $22,000 during the pendency of this proceeding while Mrs. Hutto was forced to nearly deplete her savings. Based on these facts, which are supported by substantial competent evidence in the record, we hold that the permanent alimony award is clearly not excessive.
Mr. Hutto also argues that the alimony award included an improper savings component. In Mallard v. Mallard, 771 So.2d 1138, 1141 (Fla.2000), the supreme court held that "alimony may not include a savings component." Mr. Hutto argues that the trial court verbally indicated that the permanent alimony award was based, in part, on the parties' "lifestyle to make investments." These "verbal musings" by the trial court were made immediately following the close of testimony and argument. Despite these musings, however, there is nothing in the record to support Mr. Hutto's argument that the alimony award included a savings component.
In both Mallard and Tarkow v. Tarkow, 805 So.2d 854 (Fla. 2d DCA 2001), alimony awards that contained savings components were reversed. In both cases, the wives had requested savings alimony, and the alimony awards included specific savings components. In this case, however, Mrs. Hutto did not plead or argue entitlement to a savings component in her alimony award, and she did not list a savings component on her financial affidavit. In addition, the final judgment makes no mention of such an award. Moreover, in denying Mr. Hutto's motion for rehearing, the trial court expressly ruled that "no consideration was given to a savings component in formulation of the former wife's alimony award." There is absolutely nothing in the record to demonstrate that the trial court included a savings component in setting the alimony award.
Mr. Hutto's argument on the savings issue relies exclusively on the trial court's statement at the final hearing concerning the parties' habit of investing. However, this argument places great weight where none is warranted. Although a trial court is free to verbally rule immediately following closing argument and there are many instances when this is appropriate and necessary, such as with time-sensitive visitation and custody issues, this did not occur here. If the trial court does not verbally rule at the hearing, the musings of the court on a matter expressly not included in the final judgment must be regarded as no more than dicta. See Shore Mariner Condo. Ass'n v. Antonious, 722 So.2d 247, 248 (Fla. 2d DCA 1998) (holding that the trial judge's "musings were nothing more than impressions of the case ... formed during the presentation of evidence, which case law properly recognizes is an inevitable by-product of human decision-making"); Fisher v. Smithson, 839 So.2d 788, 789 (Fla. 4th DCA 2003) (holding that trial court's statement regarding length of jury deliberations "must be interpreted as no more than extraneous judicial musings"). Only after the trial court enters its written final judgment should a party regard the matter as truly final. In this case, the only arguable support for Mr. Hutto's position is nothing more than a judicial musing.
*997 Finding nothing in the final judgment to support Mr. Hutto's argument that the alimony award improperly included a savings component, we affirm on this issue.
On cross-appeal, Mrs. Hutto argues that the trial court erred in denying her motion for an award of attorney's fees. Under section 61.16, Florida Statutes (1999), one spouse's need and the other spouse's ability to pay are the primary factors to be considered in awarding attorney's fees in a dissolution case. See Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997). "The purpose of this section is to ensure that both parties will have a similar ability to obtain competent legal counsel." Id. "[I]t is not necessary that one spouse be completely unable to pay attorney's fees for the trial court to require the other spouse to pay those fees." Id. Here, the equitable distribution was generally equal, but the fact remains that Mr. Hutto has a greater income.
Based on the $1500 per month alimony award and without taking into consideration tax consequences, Mrs. Hutto's income will be approximately $54,000 per year, and Mr. Hutto's base income will be approximately $67,200 per year. While these figures standing alone are not greatly disparate, Mr. Hutto's base income does not account for the additional compensation and benefits that he receives while working overseas. For example, during his most recent assignment in Malaysia, Mr. Hutto received an extra $1300 per month in compensation, and housing, transportation, and food were also provided. While Mr. Hutto's total compensation was explored at trial, the record does not contain definitive numbers for anything other than base salary, in part because his extra compensation depends on the project location. However, the joint tax returns which were admitted into evidence reflect a substantially higher annual income than Mr. Hutto's base salary.
"Where there is a substantial disparity between the parties' income, it may be an abuse of discretion to grant [only] a partial attorneys' fee award." Lowman v. Lowman, 724 So.2d 648, 650 (Fla. 2d DCA 1999) (reversing an award of only fifty percent of the wife's attorney's fees and remanding for the husband to pay all or a higher percentage of those fees depending on the amount of increase in the alimony award). Given the evidence of Mr. Hutto's past earnings, his minimal out-of-pocket living expenses while on overseas projects, and the parties' financial circumstances since the separation, we conclude that the trial court abused its discretion in not ordering Mr. Hutto to make at least a partial contribution to Mrs. Hutto's attorney's fees.[1] The fact that the trial court ordered Mr. Hutto to pay all of Mrs. Hutto's costs bolsters this conclusion. Accordingly, we reverse the denial of attorney's fees and remand to the trial court for it to award Mrs. Hutto all or part of the attorney's fees she requested.
Affirmed in part, reversed in part, and remanded.
STRINGER and KELLY, JJ., Concur.
NOTES
[1] We note that Mr. Hutto stipulated in the trial court to the reasonableness of the amount of Mrs. Hutto's attorney's fees. Therefore, the only issue to be addressed on remand is the percentage of these stipulated fees for which Mr. Hutto should be responsible.