HAWKES, J.
After almost thirty years of marriage the wife filed a petition for dissolution of marriage, and the parties entered into a mediation agreement resolving all but four issues. After a final hearing, the trial court adopted the mediation agreement in its entirety and ruled on the remaining litigated issues. The husband now appeals the final order of dissolution of marriage, alleging four errors: (1) the award of the wife’s attorney’s fees; (2) the facial sufficiency of the trial court’s orders awarding the attorney’s fees; (3) the amount of permanent periodic alimony awarded to the wife; and (4) the security interest in the husband’s M.A. Rigoni stock, awarded to the wife and her attorney, to secure the awards of alimony and attorney’s fees. *84 We find the allegations contained in the second, third, and fourth grounds to be meritorious and, accordingly, reverse as to those issues.
Although we affirm the award of the wife’s attorney’s fees, we reverse one of the trial court’s orders entered on August 3, 2001, awarding the wife $30,321.82 in temporary legal fees. The order lacks the requisite findings as to the reasonable hourly fee for the attorney and the reasonable number of hours required to be spent. See Hamlin v. Hamlin, 722 So.2d 851, 852 (Fla. 1st DCA 1998). On remand, the trial court should make the necessary findings and enter an appropriate award.
We next address the permanent alimony awarded to the wife. When determining an appropriate award of alimony, the trial court must consider the recipient spouse’s need versus the paying spouse’s ability to pay. See Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980). At issue in this case is the wife’s need. The wife’s financial affidavit lists expenses indicating the wife’s need to be slightly greater than the $10,000 per month alimony ordered by the trial court. However, the financial affidavit is insufficient to support the entire alimony award for two reasons. See Calhoun v. Calhoun, 554 So.2d 21 (Fla. 1st DCA 1989).
First, the affidavit included $2,169.00[1] in expenses related to the parties’ adult children. The trial court found during the hearing that neither party needed to contribute to the support of either child. Therefore these expenses cannot be included when determining the wife’s need. Despite the earlier finding, the trial court improperly included these items. The affidavit also included a $1,000.00 per month expense for payment of a delinquent Visa account. However, the trial court awarded the wife $20,000.00 in lump sum alimony, in part, to pay this delinquent Visa debt. Consequently, since the trial court’s award was sufficient to satisfy the obligation, this expense is also unnecessary and cannot constitute part of the wife’s continuing need. Thus, the trial court should deduct $3,169.00, reflecting the total unnecessary expenses, from the $10,000.00 per month alimony award.
Second, the wife’s financial affidavit includes several expenses that appear inflated. For example, the affidavit included $600.00 per month for gasoline and oil for her car, $900.00 per month for food and home supplies, and $400.00 per month for meals outside of her home. There is no competent, substantial record evidence to establish that these amounts were derived from the standard of living shared by the parties prior to the wife’s filing for dissolution. See Tarkow v. Tarkow, 805 So.2d 854, 856 (Fla. 2d DCA 2001) (reversing the trial court’s award of $9000.00 per month in alimony in part for lack of competent, substantial evidence to support inflated items in the wife’s financial affidavit). On remand, the trial court should examine the remaining expenses included in the wife’s financial affidavit and consider only those supported by competent, substantial evidence and based on the standard of living established during the marriage.
Finally, the trial court erred by securing the awards of alimony and attorney’s fees with the husband’s M.A. Rigoni stock. There is no statutory authority for securing an award of attorney’s fees.[2] Further, using the stock as security for *85 the alimony award violates the parties’ mediation agreement which the court adopted in its final order. The agreement provided that any award of alimony would be secured by the husband purchasing life insurance. If the trial court believed circumstances or evidence justified a different security mechanism from that agreed to by the parties, the court should have advised the parties and refused to accept that portion of the agreement.
Based on the foregoing, the trial court’s final oi'der of dissolution of marriage is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
VAN NORTWICK and PADOVANO, JJ., concur.

. The wife’s financial affidavit included $1,725.00 in general monthly expenses related to her children and an additional $444.00 for the daughter’s car payment.

. See § 61.08(3), Fla. Stat. (1999).