VILLANTI, Judge,
Specially concurring.
I write to point out that most of the basis for this appeal could have been avoided had the trial court had in place *120 more effective procedures for dealing with unauthorized ex parte communications and for communicating with the parties before issuing its ruling.
In this case, a friend of Heidi Susan Davis (the Wife) sent the trial court a letter admonishing the trial court for what the friend, and apparently the Wife, anticipated would be a ruling denying permanent alimony. The Wife, her friend, and Steven Michael Davis (the Husband) anticipated this ruling based on a memorandum the trial court had sent the parties after the hearing on the dissolution but before it had actually rendered its final decision. Additionally, the Wife evidently barraged the trial court’s judicial assistant with phone calls and voice mails. While there is no evidence that the trial court ever actually received any of these ex parte communications, I am troubled that the trial court could not definitively say it had not. With a uniform procedure in place— such as having the judicial assistant reply with a form letter stating the judge could not ethically[1] entertain the ex parte communication and then file the original and immediately copy the communication to both parties — the parties could have rested assured that no ex parte communication had influenced the trial court. Alternatively, with this sort of notice, the parties would have had the option to request a hearing on the matter.
The second troubling aspect of the procedural handling of this case is that the trial court, for whatever reason, chose to share its thoughts in a preliminary written analysis to the parties.[2] It is axiomatic that the thought processes that form the basis for a trial court’s ruling are not subject to discovery by the parties. Moreover, a trial court’s musings generally do not constitute a ruling. Hutto v. Hutto, 842 So.2d 994 (Fla. 2d DCA 2003). Here, the trial court’s musings were written but were musings nonetheless, and the trial court elected to share those thoughts with the attorneys and, ipso facto, the litigants.[3] Unfortunately, the trial court’s good intentions created the potential for the parties to read into those tentative thoughts what they perceived to be a ruling. Worse still, when these musings were inconsistent with the final judgment and a suggestion arose that the trial court had received ex parte communications, the inference that the trial court had been improperly influenced formed the basis for this appeal. Human nature being what it is, this was a foreseeable consequence, proving once again that no good deed goes unpunished.
It is clear to us that notwithstanding its dissemination to the parties, this prelimi *121 nary analysis did not rise to the level of a formal ruling. Nevertheless, I would caution the trial court of the dangers under these circumstances of sharing with the parties such initial musings — the evidence of which is found in the appeal brought here.

.The Code of Judicial Conduct in Canon 3(B)(7) provides:
[A] judge shall accord to every person who has a legal interest in a proceeding, or that person’s lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding.
I am aware of no other mandated, uniform guidelines addressing the procedures for trial courts to follow upon receiving ex parte communications. Thus, there is no prohibition for trial courts to fashion their own hodgepodge procedures for filling this gap.

. Remarkably, I am likewise not aware of any mandated or uniform procedure prohibiting trial courts from engaging in further "colloquy” with the parties after the hearing is concluded and before a final judgment or ruling is issued.

. Naturally, the better practice would be for the trial court to issue its ruling at the conclusion of the hearing or shortly thereafter. However, if in the interest of justice further inquiry is required by the trial court, the matter should be addressed in a formal court hearing and not by letter or e-mail to the litigants.