977 So.2d 655 (2008)
Jennie Ruth Barrett McMILLAN, Appellant/Cross-Appellee,
v.
Donald W. McMILLAN, II, Appellee/Cross-Appellant.
No. 5D06-1614.
District Court of Appeal of Florida, Fifth District.
February 15, 2008.
Rehearing Denied March 25, 2008.
*656 Leonard R. Ross and Gerard V. Muriello of Ross & Burden, PA., Daytona Beach, for Appellant/Cross-Appellee.
Michael K. Poe of Michael K. Poe, P.A., Melbourne, for Appellee/Cross-Appellant.
LAWSON, J.
The former wife, Jennie Ruth Barrett McMillan, appeals the final judgment of dissolution of marriage terminating her marriage to Donald W. McMillan, the former husband. She argues that the trial judge erred in several respects when distributing marital assets; erred by failing to award her a sufficient amount of permanent alimony; and erred by denying her request for attorneys' fees. On cross-appeal, the former husband also alleges errors with respect' to the distribution of marital assets. We agree that there were two errors with respect to equitable distribution, and one error in the calculation of alimony, which will also require the trial court to reconsider the attorneys' fee issue. We only find it necessary to address those issues for which reversal is warranted. Therefore, we reverse in part, and affirm as to all other issues without further comment. We also remand for further proceedings consistent with this opinion.

Equitable Distribution
First, both parties agree that the trial court erred by failing to equitably distribute $141,446 in capital loss carry-forwards listed in the former wife's financial affidavit. On remand, the loss carry-forwards should be distributed evenly.
Second, we agree with the former husband that the trial court erred in valuing the Wachovia account based on its March 1, 2003 value ($72,197.78), rather than its March 31 value ($54,885.78). The two values are side-by-side (in small print) on the Wachovia account statement, and the confusion is understandable. Additionally, the husband is correct that the court did not take into account that he paid two expenses from this account, post-filing: $3,250 for mediation and $19,857 for income taxes. These were joint expenses, and should have been considered in calculating the assets available for distribution.

Alimony
The trial court's finding that the former wife will need approximately $4,800 per month to maintain her lifestyle is supported by competent, substantial evidence. *657 There is no issue with respect to the former husband's ability to pay alimony. The trial court further determined that the wife's income tax liability would be $385 per month, but it does not appear that the court considered this tax liability when setting the alimony amount. It is well settled that "[c]onsideration of the consequences of income tax law on the distribution of marital assets and alimony is required and failure to do so is ordinarily reversible error." Miller v. Miller, 625 So.2d 1320, 1321 (Fla. 5th DCA 1993) (citations omitted). Therefore, we find that the trial court erred by not considering the former wife's income tax liability when setting the alimony amount.

Former Wife's Attorneys' Fees
Section 61.16, Florida Statutes, grants the trial court broad discretion to award attorney's fees "after considering the financial resources of both parties." In doing so, the court may consider the earning ability of both spouses, the amount of marital assets and liabilities distributed to each spouse, and the liquidity of the assets distributed. Doyle v. Doyle, 789 So.2d 499, 502-03 (Fla. 5th DCA 2001). In arguing that the trial court abused its discretion by failing to order the husband to pay part or all of her attorneys' fees, the former wife focuses primarily on the large disparity of income between the parties. Indeed, the husband nets more than five times as much as the wife, monthly. See Hutto v. Hutto, 842 So.2d 994 (Fla. 2d DCA 2003) ("Where there is a substantial disparity between the parties' income, it may be an abuse of discretion to grant [only] a partial attorneys' fee award.") (quoting Lowman v. Lowman, 724 So.2d 648, 650 (Fla. 2d DCA 1999)). The husband, however, correctly notes that unlike the parties in Hutto, the former wife received a substantial amount of cash as part of the equitable distribution, and virtually all of the liquid assets. By contrast, the former husband's distribution consisted primarily of real property. Additionally, it appears that the former husband voluntarily gave the former wife additional money to pay a portion of her attorneys' fees while the dissolution case was pending. In light of these facts, the former husband argues that, the former wife's equitable distribution is sufficient to allow her to pay her attorneys any additional sums owed without compromising her lifestyle. We agree.
However, the former husband also argues that no adjustment should be made in alimony because the wife can invest these same liquid assets to create an additional stream of income to cover her anticipated monthly income tax liability. Obviously, the same cash asset cannot be used to pay attorneys' fees and also invested to secure an additional income stream. Therefore, if the trial court determines that it is not necessary to adjust alimony, in light of the former wife's additional cash available for investment, the court would then need to revisit the issue of attorneys' fees. For this reason, our remand also includes directions that the trial court reconsider the issue of attorney's fees.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
MONACO, J., and THOMPSON, E., Senior Judge, concur.