994 So.2d 1155 (2008)
Neal Roger CARBAUGH, Appellant/Cross-Appellee,
v.
Susan Ellen CARBAUGH, Appellee/Cross-Appellant.
Nos. 3D07-632, 3D06-2261.
District Court of Appeal of Florida, Third District.
July 30, 2008.
Rehearing Denied October 2, 2008.
Lisa A. Baird, Miami, for appellant/cross-appellee.
Ross & Girten and Lauri Waldman Ross, Miami; The Fowler Law Firm, and Richard J. Fowler, Key West, for appellee/cross-appellant.
Before COPE, RAMIREZ, and SALTER, JJ.
COPE, J.
Neal Roger Carbaugh, the husband, appeals a final judgment of dissolution of marriage. We affirm in part, reverse in part and remand for further proceedings consistent herewith.
The main issue we address is the husband's challenge to the amount of the permanent alimony award. The parties were married in 1983. The husband had completed college and started his military career at the time of the marriage. At the time the parties separated in 2005, the husband was a colonel in the United States Air Force, stationed at Key West, Florida.[1] *1156 The husband had been diagnosed with leukemia but the disease was in remission and had not interfered with the husband's ability to work.
The wife had a high school education and was working for the State of Florida, though throughout most of the marriage she stayed at home with the children. There were two daughters born during the marriage.[2] The parties lived frugally during the marriage and at the time of separation had approximately $530,000 in non-real property assets. These were divided fifty-fifty.
This is a long-term marriage and the wife is entitled to permanent periodic alimony as she has demonstrated both her need and the husband's ability to pay. It appears, however, that there was an error in calculating the amount of the award.
At the final hearing the wife testified that she planned to relocate to Montgomery, Alabama. The parties had previously lived in Montgomery and the wife acknowledged that the cost of living is lower in Montgomery than it is in Key West. After the final hearing but before the final judgment was entered, the former wife moved to Montgomery. This was known to all of the participants in the litigation because the wife's counsel filed a motion stating that the wife had moved to Alabama. The motion requested permission for the wife to appear at the hearing by telephone. This hearing occurred prior to the entry of the final judgment.
During the final hearing, the wife presented evidence regarding the amount of money she needed for housing. Counsel presented testimony based on the assumption that the wife would purchase a home in the Florida Keys at a cost of $400,000. Testimony was presented regarding the mortgage payment for such a purchase.
The husband is correct in saying that the wife should not have based her budget for housing on an assumed purchase of a home in the Florida Keys, when her actual plan was to relocate to Montgomery. Evidence was presented that costs are significantly lower in Montgomery, and we are judicially aware that the housing market in the Florida Keys is extremely expensive. The effect was to overstate the amount the wife needed for housing. For that reason, the record does not support the amount awarded. See Tarkow v. Tarkow, 805 So.2d 854, 856 (Fla. 2d DCA 2001).
We therefore remand for a new hearing on the amount of alimony. The trial court may take into consideration the financial circumstances existing at the time of remand so as to fashion an equitable decree. The court may consider the wife's actual expenses subsequent to her relocation, the parties' respective incomes, and any other pertinent circumstances.
The wife has cross-appealed the denial of trial court attorney's fees. Because the new hearing on the amount of alimony may result in a downward adjustment of the alimony award, on remand the wife may request that the trial court revisit the issue of attorney's fees.
The husband also argues that the trial court failed to take into account the earnings that the wife will realize on the investment assets that have been equitably distributed. The two sides' experts had widely differing estimates about the amount of investment income the wife would earn, and it is not clear what estimate, if any, was used for the wife's investment income. This issue should be considered on remand, and the court may consider the amounts of investment income actually earned.
*1157 The husband also challenges the child support award. We reject that challenge. The figure the husband proposed at trial for child support was actually slightly higher than the figure the trial court awarded. The husband has no basis for complaint.
The husband challenges the award of life insurance to secure the child support obligation. The wife concedes the point. The wife acknowledges that she did not seek such relief, and it is doubtful in view of the husband's diagnosis that he could obtain such insurance. That award is stricken.
The husband argues that language should be added to the judgment to indicate that the permanent alimony award will terminate upon the death of either party or the remarriage of the wife. The wife concedes that the husband is correct. The language shall be added on remand.[3]
The husband has raised numerous other claims of error on this appeal. Those claims are without merit. The motion to disqualify the trial judge was legally insufficient and was properly denied. The rulings during trial were within the trial court's discretion. The argument regarding equitable distribution is without merit. Proper procedure was followed in the submission of the proposed final judgments. See Perlow v. Berg-Perlow, 875 So.2d 383 (Fla.2004). We affirm the dissolution of marriage.
For the stated reasons, the final judgment is affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] At oral argument it was disclosed that the husband has since retired from the Air Force.
[2] The older daughter has now reached the age of majority.
[3] The husband argues that the following sentence is not supported by the record: "From the trial testimony, it was obvious that the Petitioner had not even contemplated the notion of any support until days before the commencement of this trial." We agree and strike the sentence. The husband was voluntarily paying $2200 per month in temporary support prior to trial.

The husband complains that there is an internal inconsistency in paragraph fifteen of the judgment, where in one place the judgment states that his income is approximately eight times that of the wife, and in another place, 4.5 times that of the wife. Under either multiple, the husband's income is greater than that of the wife, but the internal inconsistency in the judgment should be corrected on remand.