PER CURIAM.
Appellant, Manicia Chatman, appeals a trial court’s order which awarded attorney’s fees and costs to Mulholland & Associates, her former attorneys. We affirm.
Chatman employed Mulholland & Associates to represent her in a personal injury action. After the pretrial conference and after an offer of settlement had been filed, Chatman dismissed Mulholland. Chatman then settled the case. Mulholland filed a motion for fees for work it had performed. After an evidentiary hearing, the trial judge entered an order finding that Mulhol-land was dismissed without cause and awarded fees and costs.
An attorney discharged without cause is entitled to the reasonable value of his services on the basis of quantum meruit in an amount not to exceed the amount due under the contract with the client. Rosenberg v. Levin, 409 So.2d 1016 (Fla.1982). In this case the trial court entered an order which substantially complied with the requirements of Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), modified on other grounds, Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla.1990).
In this appeal, Chatman failed to include a transcript of the evidentiary hearing. She also failed to file a stipulated statement of the evidence and proceedings pursuant to Florida Rule of Appellate Procedure 9.200(b)(4). Because the order on its face does not reveal any abuse of discretion, we affirm the award of fees. See Novom v. Novom, 513 So.2d 789 (Fla. 3d DCA 1987).
Affirmed.
THREADGILL, A.C.J., and PARKER and PATTERSON, JJ., concur.