COPE, Judge.
Michael L. Berger appeals an order entered by the probate division of the circuit court which declared unconstitutional section 733.6171,Florida Statutes (1993), and denied a petition for attorney’s fees. We reverse.
Appellant Berger is an attorney who entered into a contract to represent the ap-pellee, Charles E. Brooks, Personal Representative of the Estate of Helen Brooks, deceased. Under the contract, the agreed fee was $1,000 plus out-of-pocket costs. Berger’s verified petition contends that the personal representative has repudiated the contract. Berger thus contends that he has been discharged without cause.
Berger filed a verified petition for attorney’s fees. He stated that he had been paid $803 by the personal representative. He stated that the personal representative had repudiated the contract, and that he was therefore entitled to have an attorney’s fee calculated under quantum meruit. He further contended that quantum meruit would be $8,800, calculated pursuant to section 733.6171,Florida Statutes (1993). He asserted that he should be awarded that sum, notwithstanding that the requested amount exceeded the contract maximum.
In connection with the attorney’s fee application, Berger propounded certain discovery to the personal representative. The personal representative moved for a protective order. The trial court granted the motion for protective order. The court ruled that section 733.6171,Florida Statutes (1993), is unconstitutional, and that Berger could not rely on the statute in calculating quantum meruit. Finally, the court denied the petition for attorney’s fees, ruling that Berger is not entitled to any greater fee than the amount he has already been paid. Berger has appealed. Citing reasons of cost, the personal representative has declined to defend the appeal.
Berger has proceeded in this matter on the erroneous premise that once he has been discharged without cause, he is free to ask for quantum meruit in excess of the original contract amount. That is not so. “[A] lawyer discharged without cause is entitled to the reasonable value of his services on the basis of quantum meruit, but recovery is limited to the maximum fee set in the contract entered into for those services.” Rosenberg v. Levin, 409 So.2d 1016, 1017 (Fla.1982); accord Searcy, Denney, Scarola, Barnhart & Shipley, P.A v. Poletz, 652 So.2d 366 (Fla.1995); Chatman v. London, 579 So.2d 305 (Fla. 2d DCA 1991); Trend Coin Co. v. Fuller, Feingold & Mallah, P.A., 538 So.2d 919, 921 (Fla. 3d DCA 1989). If on remand Berger contends that he has a sound basis for requesting quantum meruit recovery in excess of the amount he has already been paid, he is entitled to put forth his evidence on that point, but the recovery cannot exceed the contract amount.[1]
We reverse the order declaring section 733.6171, Florida Statutes (1993), unconstitutional. The trial court order does not state a reason for declaring the statute unconstitutional. It may be the trial court was concerned that application of newly-enacted section 733.6171 would impair the obligation of this attorney’s fee contract, which had been executed prior to the effective date of the statute.[2] However, section 733.6171 *1283 states in part, “The attorney, the personal representative, and persons bearing the impact of the compensation may agree to compensation determined in a different manner than provided in this section.” § 733.6171(2), Fla.Stat. (1993). We do not view section 733.6171 as changing in any manner the rule stated in Rosenberg v. Levin, nor does it provide a means to allow an attorney to request a fee award which exceeds the contractually agreed amount. So interpreted, the statute does not impair the obligation of this attorney’s fee contract. Consequently, we reverse the determination of uneonstitu-tionality.
Reversed and remanded for further proceedings consistent herewith.

. The order under review summarily denied the request for additional attorney’s fees without a hearing, even though the attorney’s fee application had not been noticed for hearing.

. Newly-enacted section 733.6171, Florida Statutes (1993), took effect October 1, 1993. Ch. 93-257, §§ 4, 18, at 2503-05, 2512, Laws of Fla. By its terms, section 733.6171 "shall apply to estates in which an order of discharge has not been entered prior to its effective date but not to those estates in which attorney's fees have previously *1283 been determined by order of court after notice.” § 733.6171(8), Fla.Stat. (1993).