PER CURIAM.
Naomi Brooks appeals a final judgment awarding attorneys’ fees to Appellees Thomas Shine and Tino Gonzalez, the attorneys who represented her in an estate administration and probate proceeding beginning in 1989. The issue before us is whether, having moved for and received in 1992 an award of costs and fees in the amount of $337,598.69[1] out of the estate under section 733.106, Flori *420 da Statutes,[2] Appellees are nevertheless entitled to an additional 1/3 of Brooks’s share of the estate — $331,088.66—under the parties’ contingency fee agreement, for a total award of $668,687.35. Based on the language of the contingency fee agreement, we answer this question in the negative and reverse.
Brooks hired Appellees to represent her regarding the estate of John Warren Phillips, who died on August 5, 1989. Initially, Phillips’s nieces petitioned for intestate administration of his estate and were appointed personal representatives. However, Phillips had left a will naming Brooks personal representative and beneficiary of all but $45,000 of his $2.4 million estate. Accordingly, Brooks hired Appellees to pursue recovery of her share of the estate, and on August 20, 1989, the parties entered into an Authority to Represent agreement which provided in part:
1. (I)(WE), the undersigned client(s), do hereby retain and employ the above attorney(s), as (my) (our) attorney(s) to represent (me) (us) in a claim for damages against ALICE VIRGINIA DE-GLER, ALVA DEGLER, LOIS SIX-BERRY and EDWARD SIXBERRY or any other person, firm or corporation liable therefore resulting from litigation concerning the Estate of JOHN WARREN PHILLIPS, Deceased.
2. (I)(We) hereby agree to pay all reasonable costs necessary to thoroughly investigate, prepare, and prosecute this cause and, should it be necessary to institute suit, the court costs. As compensation for their services, (I)(we) agree to pay (my) (our) said attorney from the proceeds of recovery, the following fees:
a) 33-1/3% of the appraised value of any personal property removed from the estate and returned to the possession of NAOMI C. BROOKS. In the event that suit is filed.
b) 33-1/3% of the appraised value of any other asset which is contested by any third party and returned to the possession of NAOMI C. BROOKS. In the event that suit is filed.
(Emphasis added).
Appellees successfully petitioned for revocation of the letters of administration issued to Phillips’s nieces, got the will admitted to probate, and got Brooks appointed personal representative of the estate. The final judgment entering the will to probate and appointing Brooks personal representative was affirmed by this court in Degler v. Brooks, 603 So.2d 1287 (Fla. 5th DCA 1992). Appel-lees moved for fees under section 733.106, Florida Statutes, and on November 3, 1992, the court awarded $337,598.69 in costs and attorneys’ fees to Appellees out of the estate under that statute in accordance with the affidavits submitted by Appellees. It is undisputed that payments were made on that order totaling at least $240,000, although application of other payments to that fee award was contested. Thereafter, Appellees sought and were awarded fees under their contingency fee agreement in the amount of $331,-088.66, and it is that order which Brooks now appeals. That order also awarded Appellees $89,913.77 as the balance remaining under the 1992 statutory fee order, plus interest.
In arguing that Appellees are not entitled to both the contingency fee and the fee award under section 733.106, Brooks relies in part on several cases which limit an attorney to the contracted amount of fees. See, e.g., Berger v. Brooks, 657 So.2d 1281 (Fla. 3d DCA 1995) (attorney limited to $1000 fee and could not recover $8800 fee sought in quantum meruit); In re Estate of Lonstein, 433 So.2d 672 (Fla. 4th DCA 1983) (attorney held limited to agreed-upon $2000 fee even though under quantum meruit his work was worth $10,000 because of unforeseen complications with the representation); In re Estate of Buchman, 270 So.2d 384 (Fla. 3d DCA 1972) (limiting attorney to $3000 fee agreed to in contract). However, these cases are distin *421 guishable for two reasons. First, here Ap-pellees, if entitled to fees under the terms of the contract, would actually receive more, rather than less, than by quantum meruit; accordingly, the “fee-cap” rationale of these cases is inapposite. Additionally, here there was no contract regarding the administration of the estate as in those cases.
However, we find that Appellees are not entitled to any fee recovery under the terms of the contingency agreement. The Authority to Represent and its contingency fee scheme only apply to “a claim for damages” and the recovery from such a claim. Here, Appellees succeeded in getting the will admitted to probate and Brooks appointed personal representative; no “claim for damages” ever materialized. Although absent an express fee agreement they are entitled to a reasonable fee for their services, Appellees have already received such a fee via the 1992 award under section 733.106.
Accordingly, we reverse the award of fees under the contingency fee agreement. As to the remaining amounts awarded in the order appealed, we find that $66,600 paid to Appel-lees in 1991 or 1992 should be applied against the balance owed on the November 1992 fee award, thereby reducing the interest-bearing amount owing to $23,313.77. We remand for entry of an order consistent herewith.
REVERSED AND REMANDED.
, COBB, GOSHORN and PETERSON,. JJ., concur.

. Approximately $18,000 of the 1992 award was costs; the remainder was for attorneys' fees.

. This section provides in part:
(3) An attorney who has rendered services to an estate may apply for an order awarding attorney fees, and after informal notice to the personal representative and all persons bearing the impact of the payment the court shall enter its order on the petition.