736 So.2d 722 (1999)
Cynthia R. LYNN, Appellant,
v.
ALLSTAR STEAKHOUSE & SPORTS BAR, INC., a Florida corporation, Appellee.
No. 98-02075.
District Court of Appeal of Florida, Second District.
June 16, 1999.
Rehearing Denied July 12, 1999.
Gary W. Sawyer and Scott T. Johni, Tampa, for Appellant.
Douglas A. Wallace, Bradenton, for Appellee.
CASANUEVA, Judge.
Cynthia R. Lynn appeals an order awarding her former attorney, Dennis J. *723 Plews, a charging lien. Due to the lack of a transcript of the evidentiary hearing or a stipulated statement of the evidence and proceedings pursuant to Florida Rule of Appellate Procedure 9.200(b)(4), we are compelled to affirm.
From the incomplete record provided in this appeal, certain facts are ascertainable. Ms. Lynn hired Mr. Plews to represent her in a personal injury claim in April 1995. On May 9, 1996, Mr. Plews filed two motions; first, a motion for leave to withdraw alleging irreconcilable differences arising between counsel and client; and second, a motion for a charging lien alleging the discharge of his client was with cause. The motion to withdraw was granted in May 1996. Ms. Lynn then obtained new counsel who settled her claim for $55,000. The last offer obtained by Mr. Plews was $5,000.
At the hearing for charging lien, the trial court granted Mr. Plews a charging lien in the amount of $12,500 plus interest. The trial court found counsel had expended 50 hours in service to Ms. Lynn and that $250 per hour was a reasonable rate for those services. Additionally, the trial court determined Ms. Lynn had breached her contract with Mr. Plews.
In Faro v. Romani, 641 So.2d 69, 71 (Fla.1994), our supreme court held that when "an attorney withdraws from representation upon his own volition, and the contingency has not occurred, the attorney forfeits all rights to compensation." This rule is tempered by the court's further holding that "if the client's conduct makes the attorney's continued performance of the contract either legally impossible or would cause the attorney to violate an ethical rule," the withdrawing attorney may still be entitled to a fee. Id.
Although at the time of Mr. Plews' withdrawal the contingency had not occurred, in the absence of an evidentiary record we are unable to conclude that the trial court erred. It may well be that Ms. Lynn's conduct did not rise to a level rendering the contract impossible of performance or would not cause her counsel to violate an ethical rule, but without this necessary evidentiary record, we cannot say so. The order on its face does not reveal either error or an abuse of discretion. See Chatman v. London, 579 So.2d 305 (Fla. 2d DCA 1991); Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
Affirmed.
BLUE, A.C.J., and SALCINES, J., Concur.