CASANUEVA, Judge.
American Bankers Insurance Company appeals the denial of its motion to vacate a final judgment entered pursuant to an order forfeiting a criminal bail bond. We affirm.
On August 2, 1999, an amended final judgment was entered against American Bankers Insurance Company. As surety on an appearance bond, American Bankers had become liable when its insured failed to appear in criminal court. American Bankers paid the judgment and sought, pursuant to rule 1.540, Florida Rule of Civil Procedure, to vacate the judgment based on its excusable neglect. Following a hearing at which American Bankers presented the factual basis underlying its claim of excusable neglect, the trial court denied the motion. No record of this proceeding was filed with this court. American Bankers now contends that the trial court abused its discretion by denying the motion.
In Lynn v. Alistar Steakhouse & Sports Bar, Inc., 736 So.2d 722, 723 (Fla. 2d DCA 1999), this court was compelled to affirm when the parties failed to provide either a transcript of the evidentiary hearing or a *1217 stipulated statement of the evidence and proceedings pursuant to rule 9.200(b)(4), Florida Rule of Appellate Procedure. Lynn is analogous to this case and mandates an affirmance. Furthermore, the challenged order on its face reveals neither error nor abuse of discretion. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979); Chatman v. London, 579 So.2d 305 (Fla. 2d DCA 1991).
Finally, we point out for the parties’ consideration that the release and satisfaction entered on August 17, 1999, does not refer to the amended final judgment of August 2, 1999, but to the earlier final judgment dated July 21, 1999.
Affirmed.
PARKER, A.C.J., and SALCINES, J., Concur.