921 So.2d 798 (2006)
Donna Jean JOHNSON-GAINER, Appellant,
v.
Riley Maxwell GAINER, Jr., Appellee.
Nos. 5D04-3158, 5D04-4302.
District Court of Appeal of Florida, Fifth District.
February 24, 2006.
John S. Mills, of Mills & Carlin, P.A., and Albert Datz of Datz & Datz, P.A., Jacksonville, for Appellant.
Michael J. Korn of Korn & Zehmer, P.A., and James G. Roberts of Roberts & Reiter, P.A., Jacksonville, for Appellee.
PLEUS, C.J.
In this consolidated appeal, the former wife appeals from a final judgment of dissolution of marriage and a post judgment order denying her request for additional attorney's fees. We have thoroughly reviewed the record and conclude that the following deficiencies require reversal and remand for further consideration.
The final judgment of dissolution is deficient in that it approves the former husband's payment of his temporary support obligation from a marital asset, the Schwab marital account, without adequate findings of fact. The former husband's temporary support obligation could not be satisfied from a marital asset unless the former husband established through substantial competent evidence, and the trial court found, that he had no other means to pay such support except by invading a marital asset. See Karimi v. Karimi, 867 So.2d 471 (Fla. 5th DCA 2004). In the final judgment, the trial court must first determine whether the former husband had any other assets, and then specify the evidence it relies upon in connection with its determination of that issue.
*799 Further, the trial court must address the equivalent temporary support payments which the former husband admits he routinely made to himself from the Schwab marital account. Under no circumstances could these payments be deemed proper unless the former husband established with substantial competent evidence, and the trial court found, that he had no other means to support himself. Even then, only withdrawals which were minimally necessary to meet his reasonable living expenses would have been proper. Karimi. Any sums beyond that amount must be identified and allocated to the former husband's share of the equitable distribution. Remand for the trial court to make requisite findings is necessary.
The final judgment additionally lacks requisite findings of fact as to the former husband's monthly income and as to value of the former husband's substantial non-marital assets. Both findings are essential to consideration of the support issues involved in this litigation. See Saporito v. Saporito, 831 So.2d 697 (Fla. 5th DCA 2002); Sumlar v. Sumlar, 827 So.2d 1079 (Fla. 1st DCA 2002); Ondrejack v. Ondre-jack, 839 So.2d 867 (Fla. 4th DCA 2003). See also Pinder v. Pinder, 911 So.2d 870 (Fla. 2d DCA 2005). Absent these required findings, it is premature for this Court to pass upon the propriety of the awards of child support, rehabilitative alimony and denial to the former wife of additional attorney's fees.
We have considered the remaining issues and conclude they do not merit discussion.
The final judgment of dissolution is reversed except for that portion which dissolves the marriage and adjudicates the issue of child custody. The order denying additional attorney's fees is also reversed. The cause is remanded for entry of an amended final judgment which contains the requisite findings of fact and for entry of an amended order on attorney's fees.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
MONACO and TORPY, JJ., concur.