965 So.2d 316 (2007)
Paul A. O'BYRNE, Appellant,
v.
Molly MILLER, Appellee.
No. 2D06-4553.
District Court of Appeal of Florida, Second District.
September 19, 2007.
*317 Paul A. O'Byrne, pro se.
Lorena L. Kiely of Law Office of Lorena L. Kiely, Tampa, for Appellee.
WALLACE, Judge.
Paul A. O'Byrne (the Father) appeals a final judgment that increased the amount that he is required to pay monthly to Molly Miller (the Mother) for the support of their minor child. The Father raises multiple issues concerning the trial court's calculation of the amount of the increase in his monthly child support obligation. The Father also challenges the trial court's decision to make the increase in his child support obligation retroactive to the date of the filing of the Mother's petition for modification and the money judgment against him stemming from that decision. With one exception that we explain below, we affirm the final judgment.
Unfortunately, Mr. O'Byrnewho has represented himself both in the trial court and before this courthas not furnished a record adequate for appellate review of the issues that he raises. The evidentiary hearing on the Mother's petition for modification was held on two separate days in June and August 2006. The only transcript in our record consists of an excerpt of the proceedings on the first day of the hearing; there is no transcript at all from the second day of the hearing. Because the parties were unable to agree on a statement of the evidence presented on the second day of the hearing, the trial court prepared a "Statement of Proceedings" of the second day in accordance with Florida Rule of Appellate Procedure 9.200(b)(4). The trial court prepared the "Statement of Proceedings" in March 2007, and it appears that the trial court did its best to reconstruct the proceedings that had occurred approximately seven months earlier. Nevertheless, the Statement of Proceedings has too few particulars to permit appellate review of the issues raised by the Father. Moreover, despite the Mother's objections about the incompleteness of the record, the Father has not furnished a complete transcript of the proceedings on the first day of the hearing. Subject to the exception to be discussed below, the inadequacy of the record compels us to affirm the trial court's final judgment. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979); Metzler v. Metzler, 779 So.2d 412, 412 (Fla. 2d DCA 2000). Moreover, the final judgment "on its face reveals neither error nor abuse of discretion." Am. Bankers Ins. Co. v. Zapata, 761 So.2d 1216, 1217 (Fla. 2d DCA 2000) (citing Applegate, 377 So.2d 1150).
At oral argument, the Mother's attorney properly conceded that the trial court's final judgment should be corrected *318 in one respect.[1] When the final hearing was held, the Mother was obligated on an installment contract with an orthodontist for the child's necessary treatment. The contract is payable at $87.20 monthly for twenty months. The trial court added the $87.20 monthly payment amount to the basic child support obligation that it used to calculate the Father's share of the monthly child support obligation. The Mother agrees that the trial court should have ordered the $87.20 monthly amount to be "separately paid on a percentage basis." § 61.30(8), Fla. Stat. (2006). The use of this approach will make it unnecessary for the Father to move for a reduction in the amount of his monthly child support obligation when the twenty-month contract has been paid.
Accordingly, we reverse the final judgment to the extent that it included the $87.20 for the orthodontic services contract in the amount of the basic child support obligation that the trial court used to calculate the Father's share of the monthly child support obligation. We remand this case to the trial court for the entry of an amended final judgment that will recalculate the amount of the Father's monthly child support obligation and direct that the $87.20 monthly amount for the orthodontic services contract be paid separately by the parties in accordance with their respective shares of the monthly child support obligation. In all other respects, we affirm the final judgment.
Affirmed in part, reversed in part, and remanded with instructions.
WHATLEY, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] We commend Lorena L. Kiely, the Mother's attorney, for her professionalism and for her candor to this court. See Boca Burger, Inc. v. Forum, 912 So.2d 561, 571-73 (Fla.2005).