WOLF, J.
 

 The former husband challenges a final order of dissolution of marriage raising two issues concerning the distribution of property. The former wife raises two issues on cross-appeal relating to the distribution. We find only one of the issues raised by the parties has any merit. Namely, the former wife asserted the trial court erred in awarding the former husband a share of the gold and silver determined by the trial court to be the former wife’s non-marital property. We deter
 
 *79
 
 mine the trial court erred in failing to give the former wife credit for that portion of her non-marital gold and silver which had been liquidated and dissipated by the former husband in violation of previous orders of the court. We, therefore, reverse that portion of the order of equitable distribution dealing with the disposition concerning the gold and silver and remand for the trial court to hold further proceedings to determine to what extent the former wife should get a credit for the former husband’s improper disposition of these assets.
 

 The trial court determined in its final order that:
 

 .... [B]y the date of trial in January 2008, the gold and silver would have been worth $957,050.40 — $487,710.80 still in the Wife’s possession and $491,339.80 liquidated by the Husband since the parties’ separation in August 2005.... Using the same factors set forth in
 
 Grieco v. Grieco,
 
 917 So.2d 1052 (Fla. 2d DCA 2006), the Court
 
 would find all of the gold and silver to be the Wife’s non-marital property.
 
 However, the Court cannot find from the facts that there is any gold and silver to restore to the Wife. It appears to the Court that after the date of filing, both parties grabbed as much of the gold and silver as they could and the Court is unclear as to the present status of the gold and silver. Accordingly, the Court finds
 
 it has no choice
 
 but to award to each party the gold and silver in his or her possession.
 

 (Emphasis added). If the trial court’s order indicated there was insufficient evidence to establish the extent of inappropriate dissipation, we would be required to affirm. The order, however, appears to incorrectly determine that the trial court is powerless to fashion a remedy when one spouse may have improperly converted the non-marital property of the other spouse. This determination was error. The assets belonging to one spouse cannot be dissipated by the other spouse, especially in violation of court orders.
 

 On October 28, 2005, prior to the dissolution hearing, the former wife filed an emergency motion alleging, among other things, that the former husband was in illegal possession of the former wife’s gold and silver which she argued was her non-marital property. On April 6, 2006, the trial court entered a consent order directing the former wife and former husband to provide each other with an accounting of all gold, silver or other precious metals in their possession within 30 days of the order. Further, the trial court directed that
 

 neither party shall sell, transfer, encumber, conceal, assign, remove or in any way dispose of without the written consent of the other or by Order of the Court, any property, individually or jointly held, except in the usual course of business or for customary and usual household expenses for reasonable attorney’s fees and costs incurred in connection with this action.
 

 On January 9, 2007, the former wife filed an amended motion for enforcement of the consent order alleging the former husband had not provided the required accounting of the precious metals. Additionally, the former wife alleged she had received information the former husband was using a portion of the gold as collateral for a loan and that he had sold thousands of dollars worth of the gold in his possession.
 

 While the record is incomplete as to the pre-trial motions and orders, it appears the trial court did not rule on these earlier motions. The former wife correctly ar
 
 *80
 
 gues in her brief that the trial court failed to rule on the extent to which the former husband violated the previous order of the court by spending the gold for more than just necessities and attorney’s fees.
 
 *
 

 A spouse may not deplete marital assets prior to a dissolution hearing unless he or she can show the withdrawals were minimally necessary to meet reasonable living expenses.
 
 Johnson-Gainer v. Gainer,
 
 921 So.2d 798, 798-99 (Fla. 5th DCA 2006);
 
 Mobley v. Mobley,
 
 920 So.2d 97, 102 (Fla. 5th DCA 2006). While the gold was “non-marital” rather than “marital” property, a spouse may not deplete the other spouse’s
 
 non-marital
 
 property prior to the dissolution hearing. Further, as discussed above and pointed out in the former wife’s initial brief, the trial court had previously ordered the former husband to refrain from using the gold and silver in his possession unless he needed to liquidate the metals for living expenses and to pay reasonable attorney’s fees.
 

 In the instant case, the trial court set a value for the non-marital asset and indicated how much of the asset had been in each party’s possession. The trial court, however, indicated that it could go no further because it was unclear how much of the asset actually remained. Once the asset had been valued, however, the question of whether the asset itself actually remained in the party’s possession did not matter. The court should have determined to what extent the former wife should get a credit in the equitable distribution scheme for the unauthorized use of her property.
 

 We, therefore, remand for further proceedings as to this issue.
 

 PADOVANO and THOMAS, JJ., concur.
 

 *
 

 We note the former wife had adequately preserved her concerns by filing pre-trial motions, raising her concerns at the hearing, and further filing a motion for rehearing alleging the trial court erred by failing to rule on the pre-trial motions and failing to order the return of her gold and silver.