MORRIS, Judge.
Elisia Tummings, the wife, appeals a final judgment dissolving her twelve-year marriage to Felix Francois, the husband. The husband cross-appeals. The wife challenges the inclusion of her employment bonuses as marital assets in the equitable distribution schedule. The husband also challenges the equitable distribution schedule by arguing that the trial court erred in valuing a portion of the wife’s credit card balance as marital debt. We agree with the parties on these two points and reverse the equitable distribution schedule. Our reversal of the equitable distribution schedule in regard to the wife’s bonuses moots the wife’s other claims regarding the bonuses. The husband raises several other claims on cross-appeal, but we find merit only in the husband’s arguments that the trial court erred in its division of noncovered medical expenses for the children and in its decision to deny the husband’s request for attorney’s fees and costs. Therefore, we reverse on those two points. We affirm without comment the remainder of the final judgment.
7. Facts
The parties married in December 1998. They had two children during the marriage, who remained minors at the time of the final judgment. The petition for dissolution was filed in November 2008, and the final judgment was entered in April 2010.
At the time of the dissolution, the wife was earning a gross monthly salary of $7833 as a retail manager for Home Depot. *958 The husband was earning a gross monthly salary of $1946 as a nursing assistant at Tampa General Hospital. In the final judgment, the trial court denied the husband’s request for alimony. The trial court ordered shared parental responsibility of the children, with the wife receiving 57% of the overnight stays and the husband receiving 43% of the overnight stays. The wife was ordered to pay $596.26 in monthly child support to the husband.
In its equitable distribution schedule, the trial court subtracted the parties’ marital liabilities from the assets and divided the remaining marital assets evenly, awarding each party $98,483 in marital assets. To effect the equal division of those assets, the trial court ordered the wife to pay the husband four equalizing payments totaling $66,332.

II. Analysis

A. The wife’s employment bonuses

In the final judgment of dissolution, the trial court included the wife’s 2008 and 2009 bonuses in the equitable' distribution schedule, finding that the wife’s bonuses “totaling $46,604.00 in 2008 and 2009 are marital assets, as they were based upon corporate profits for years 2007 and 2008.” The wife argues that the trial court erred in including these bonuses as marital assets in the equitable distribution schedule because she offered competent, substantial evidence that she depleted these assets during the dissolution proceedings by paying for child support, living expenses, and litigation expenses. The wife asserts that it was error to include these as marital assets absent a finding by the trial court of misconduct on her part.
The husband suggests that the wife did not spend the bonuses on reasonable living expenses, support, or litigation expenses. He contends that the wife was unable to account for the spending of the bonuses along with other cash flow she received during the dissolution proceedings, i.e., funds from the sale of the house and “sale loss monies” received from her employer relating to the sale of the house.
“As a general proposition, it is error to include assets in an equitable distribution scheme that have been diminished or dissipated during the dissolution proceedings.” Roth v. Roth, 973 So.2d 580, 584 (Fla. 2d DCA 2008). “[A]n exception to this general proposition exists when misconduct during the dissolution proceedings results in the dissipation of a marital asset.” Id. at 584-85. Misconduct exists when one spouse has used the marital funds for his or her own benefit and for a purpose unrelated to the marriage. Id. at 585. In order to include a dissipated asset in the distribution scheme, “there must be evidence of the spending spouse’s intentional dissipation or destruction of the asset[] and the trial court must make a specific finding that the dissipation resulted from intentional misconduct.” Id.
In Roth, the husband testified that he liquidated various accounts during the dissolution proceedings to pay temporary support awards for the wife and children and to pay his own living expenses. Id. at 585. This court held that
[b]ecause there is uncontradicted evidence in the record that the dissipated funds were used to pay marital expenses during the dissolution proceedings and because there is no evidence that the [hjusband engaged in misconduct in expending the funds, the trial court abused its discretion in including these dissipated funds in the equitable distribution scheme.
Id. at 586; see also Levy v. Levy, 900 So.2d 737, 746 (Fla. 2d DCA 2005) (“Since the [w]ife’s testimony that she had used *959 most of [a lump sum disability payment] for attorney’s fees and living expenses was unrebutted and the trial court made no finding of misconduct with respect to the [w]ife’s use of the funds, it was error to assign the full value of the depleted asset to the [w]ife as part of the plan of equitable distribution.”); Cooper v. Cooper, 639 So.2d 158, 154-55 (Fla. 2d DCA 1994) (holding that it was error for trial court to include depleted IRA asset when the evidence showed that husband had liquidated it to pay temporary support obligations and some of his living expenses and the trial court did not make a finding that the husband engaged in any misconduct).
Here, the trial court did not make any finding on whether these bonuses had been depleted by the wife or whether such depletion constituted marital waste. And the wife testified that she spent the proceeds of the bonuses on living expenses, litigation expenses, and child support paid to the husband.[1] In addition, the wife’s final financial affidavit supports her testimony because it shows that her monthly expenses outweigh her income by at least $2200 even without considering the litigation expenses and child support the wife was ordered to pay during the dissolution proceedings. See Johnson-Gainer v. Gainer, 921 So.2d 798, 798 (Fla. 5th DCA 2006) (recognizing that a marital asset may be used to pay a temporary support obligation when there is competent, substantial evidence that there are no other means to pay such support). During the pen-dency of the dissolution proceedings, the wife was ordered to pay $561 a month in child support and $10,400 towards the husband’s attorney’s fees and costs, and she paid at least $18,000 to her own attorney and charged another $12,000 in legal fees to her credit card.
The, husband contends that the wife could not have depleted these bonuses for reasonable expenses when she also received “sale loss monies” ($59,250) and proceeds from the sale of the marital home ($34,000) during the dissolution proceedings. This argument is without merit because these amounts were included in the equitable distribution plan as marital assets and were charged to the wife, thus resulting in the equalizing payments to the husband, and the wife does not challenge the inclusion of these other funds as marital assets in the equitable distribution schedule.
Because the trial court did,not make a finding that the wife committed misconduct in depleting the bonuses and the wife’s testimony does not support a finding of misconduct, the trial court abused its discretion in including the dissipated bonuses in the equitable distribution schedule. Accordingly, we reverse the final judgment and remand for the trial court to revisit the equitable distribution schedule without including these bonuses.

B. The wife’s Visa

In the equitable distribution schedule, the trial court classified the wife’s Visa balance as a marital debt, valued its.balance at $8077, and awarded this liability to the wife. The husband argues that the trial court erred in including $1342 of that balance as part of that marital debt because this amount of the balance represented business expenses for which the wife was reimbursed by her employer.
*960 A credit card held solely in one spouse’s name during the marriage may constitute a marital debt. See Walsh v. Walsh, 600 So.2d 1222, 1223 n. 1 (Fla. 1st DCA 1992); cf. Pietras v. Pietras, 842 So.2d 956, 959 (Fla. 4th DCA 2003) (“The record reflects this sum represents charges [the wife] incurred on credit cards she had opened, in her own name, after the filing of her petition for dissolution. We find these accounts, and the amounts charged on such, are non-marital [sic][] and should not have been included in the equitable distribution.”). In the absence of a valid separation agreement, “[t]he cutoff date for determining assets and liabilities to be identified or classified as marital assets and liabilities is ... the date of the filing of a petition for dissolution of marriage.” § 61.075(7), Fla. Stat. (2008). But “[t]he date for determining value of assets and the amount of liabilities identified or classified as marital is the date or dates as the judge determines is just and equitable under the circumstances.” Id. The Visa, which was held by the wife prior to the date of filing, was required under the statute to be classified as a marital debt, but the amount — or value — of the Visa balance was subject to the trial court’s discretion. See Byers v. Byers, 910 So.2d 336, 344-45 (Fla. 4th DCA 2005) (“The discretion given to trial courts arises after the assets and liabilities are characterized as marital or non-marital [sic].”).
Regarding the wife’s business expenses, the wife testified that after the parties separated, she started using her Visa for her and her team’s expenses, which are reimbursed by her employer. The credit card statement indicates that the $1342 amount was spent mostly on travel expenses such as hotel stays, car rentals, and out-of-town food expenditures. In light of this evidence, the trial court abused its discretion in valuing the marital debt on the card to include the $1342. We reverse the final judgment in this regard and remand for the trial court to revisit the equitable distribution schedule without including this amount of the Visa balance.

C. Noncovered medical, dental, and prescription medication expenses for the children

In the final judgment, the trial court ordered that “[t]he overnights awarded are 156 with [the husband] and 209 with [the wife], which is about 43 and 57 percent, respectively. Unreimbursed medical is to be at that percentage.” The husband contends that the trial court erred in dividing the noncovered medical, dental, and prescription medication expenses for the parties’ two minor children using the overnight percentages and that the trial court should have ordered that such expenses be paid according to the parties’ respective shares of the child support obligation. The wife’s percentage of the financial responsibility for child support was 79.79% and the husband’s percentage was 20.21%.
Section 61.30(8) provides that “any noncovered medical, dental, and prescription medication expenses of the child[] shall be added to the basic obligation unless these expenses have been ordered to be separately paid on a percentage basis.” These expenses, when not added to the basic obligation, should be divided based on the parents’ respective percentage shares of the monthly child support obligation. See Zinovoy v. Zinovoy, 50 So.3d 763, 764-65 (Fla. 2d DCA 2010); Wilcox v. Munoz, 35 So.3d 136, 141 (Fla. 2d DCA 2010); O'Byrne v. Miller, 965 So.2d 316, 318 (Fla. 2d DCA 2007). “Each parent’s percentage share of the child support need shall be determined by dividing each parent’s net monthly income by the combined net monthly income.” § 61.30(9); see also Rowe v. Rodriguez- *961 Schmidt, 51 So.3d 1238, 1238 (Fla. 2d DCA 2011) (“If such noncovered expenses are not factored into the child support guidelines calculation, ... responsibility for the expenses should be apportioned based on the parties’ relative incomes.”); Martinez v. Martinez, 911 So.2d 288, 289-90 (Fla. 2d DCA 2005) (“[Tjhese [noncovered medical] expenses should have been awarded based on the parties’ respective incomes.... On remand, after the trial court recalculates the child support obligations, it should determine each party’s ability to pay the uncovered medical expenses and order payment based on the same percentage as the parties’ income.” (citations omitted)).
Here, the child support guidelines worksheet indicates that the husband’s percentage share of the child support need is 20.21% and the wife’s percentage share is 79.79%. Therefore, the trial court erred in ordering the husband to pay 43% of the noncovered medical expenses, which was improperly based on his share of overnight stays with the children. We therefore reverse this portion of the child support award and remand for the trial court to allocate the noncovered medical expenses in accordance "with each parties’ percentage share of the child support need in accordance with the law discussed above.

D. Attorney’s fees and costs

During the course of the dissolution proceedings, the "wife was ordered to pay approximately $10,400 of the husband’s attorney’s fees and costs. In the final judgment, the trial court declined to award him any additional fees, finding that “[b]ased on equitable distribution, the [w]ife does not have the present ability to pay additional attorney’s fees.” The court found that “the parties are similarly situated in regards [sic] to fees incurred during the litigation.” The husband had incurred additional fees of $24,364.40, which did not include all costs or any fees for the final three-day hearing or anything thereafter. The record indicates that the wife paid approximately $30,000 for her own attorney’s fees and costs throughout the proceedings.
The husband contends that the trial court erred in' denying his request for attorney’s fees and costs at the conclusion of the proceedings. He claims that he has the need for fees and that the wife is in a superior financial position to pay for his fees. He argues that the trial court only considered the equitable distribution results of the final judgment when considering the financial position of the parties and that the trial court erred in failing to consider the disparity in the parties’ incomes.
“Where there is a substantial disparity between the parties’ incomes, it may be an abuse of discretion to grant a partial attorneys’ fee award.” Lowman v. Lowman, 724 So.2d 648, 650 (Fla. 2d DCA 1999); cf. Derrevere v. Derrevere, 899 So.2d 1152, 1153 (Fla. 4th DCA 2005) (holding that it was error to order husband to pay 50% of the wife’s fees because “[t]he trial court ... equalized the situation of the parties, both as to assets and income”). Even after an equal distribution of assets has been made, the disparity in incomes should be considered. See Hutto v. Hutto, 842 So.2d 994, 997 (Fla. 2d DCA 2003) (“[T]he equitable distribution was generally equal, but the fact remains that Mr. Hutto has a greater income.... [T]he trial court abused its discretion in not ordering Mr. Hutto to make at least a partial contribution to Mrs. Hutto’s attorney’s fees.”); Adair v. Adair, 720 So.2d 316, 318 (Fla. 4th DCA 1998) (“Although the court equally divided the marital assets of the parties, the husband has significantly more income than the wife....”).
Here, the trial court abused its discretion in concluding, based solely on the equitable distribution of assets, that the wife does not have the ability to pay and that the husband does not have the need. *962 The wife earns significantly more income than the husband ($7833 gross income per month versus $1946 gross income per month), but the trial court failed to consider the parties’ respective incomes when addressing this matter. The wife argues that she does not have an ability to pay because she has a deficit of $2200 per month, but the husband’s financial affidavit indicates that his expenses also outweigh his income by approximately $2200 per month. Although both parties appear to be living beyond their means, “[t]his [may] simply [be] a case in which the payment of attorneys’ fees must reduce the lifestyle of one or both litigants while the fees are being paid.” Lawman, 724 So.2d at 650. We reverse the trial court’s denial of attorney’s fees to the husband and remand for the trial court to reconsider the issue in light of the disparate incomes of the parties.
We reverse portions of the final judgment of dissolution as set out above, and we affirm the remaining portions of the final judgment.
Affirmed in part; reversed in part; remanded.
SILBERMAN, C.J., and LaROSE, J., Concur.

. The wife provided a partía! trial transcript containing the wife's testimony, and the husband has pointed to no contradictory evidence presented on this issue at trial. The husband did not provide any other portions of the trial transcript. See Fla. R.App. P. 9.200(c) (“[A] cross-appellant may direct that additional documents, exhibits, or transcripts) be included in the record.”).