PER CURIAM.
Appellant, Former Wife, raises a number of issues in this appeal. Although we affirm the trial court in part, we reverse its findings regarding the disposition as to several items.
Appellant’s primary assertion is that the trial court erred in finding that Appellee, Former Husband, did not improperly dissipate marital assets. Appellate courts review trial court orders on such claims for an abuse of discretion. See Demont v. Demont, 67 So.3d 1096, 1103 (Fla. 1st DCA 2011).
“As a general proposition, it is error to include assets in an equitable distribution scheme that have been diminished or dissipated during the dissolution proceedings.... However, an exception to this general proposition exists when misconduct during the dissolution proceedings results in the dissipation of a marital asset. In that case, the misconduct may serve as a basis for assigning the dissipated asset to the spending spouse when calculating *752 equitable distribution.” Roth v. Roth, 973 So.2d 580, 584-85 (Fla. 2d DCA 2008) (citations omitted). When considering whether the dissipation of an asset resulted from misconduct, courts must consider whether one spouse used marital funds for their own benefit, unrelated to the marriage, during a time when the marriage was undergoing an irreconcilable breakdown. Id. at 585. “[T]o include a dissipated asset in the equitable distribution scheme, there must be evidence of the spending spouse’s intentional dissipation or destruction of the asset, and the trial court must make a specific finding that the dissipation resulted from intentional misconduct.” Id.
Although the Roth opinion discusses one party spending marital assets for the party’s own benefit, the courts, including the court in Roth, have also held that it is proper to spend such funds for living expenses and attorney’s fees while divorce proceedings are pending. See, e.g., id.; Tummings v. Francois, 82 So.3d 955, 958-59 (Fla. 2d DCA 2011); Steedman v. Chenoweth, 27 So.3d 78, 80 (Fla. 1st DCA 2009). Furthermore, such expenditures are proper to maintain the parties’ customary standard of living. See, e.g., Annas v. Annas, 29 So.3d 1209, 1210 (Fla. 1st DCA 2010); Demont, 67 So.3d at 1103-04.
Here, the record evidence supports the trial court’s finding that Appellee’s dental practice was in dire financial straits for some time before Appellant filed her divorce petition. The record also established that when Appellee’s dental practice was enjoying more prosperous times, the parties funded their lifestyle, including educating their children, with funds from the practice. Appellee had also managed to amass a sizeable financial reserve for the practice, which was used during the subsequent lean times in order to continue funding the parties’ lifestyle and the dental practice. Over the course of the marriage Appellee also managed to amass investment assets in excess of $2 million that were subject to equitable distribution. In fact, some of these investment funds were used to fund an interim partial distribution to both parties just several months after the divorce petition was filed. At that point, the distributed funds became the separate property of each party, which the trial court had to take into account and give appropriate credit when making the final distribution of the parties remaining assets. See § 61.075(5)(b), Fla. Stat.
Appellant asserts that Appellee’s continued use of the practice’s dwindling cash reserves to both maintain the practice and pay various expenses constituted the improper dissipation of marital assets. In other words, Appellant asserts that Appel-lee was required to use his own funds allocated by the interim partial distribution order to fund both the dental practice and the customary familial expenses that had been paid in the past with proceeds from the dental practice or its reserves.
The trial court was presented with extensive evidence, including testimony from accountants and the parties themselves. After considering all of this evidence, the court issued a lengthy and detailed order addressing the parties’ standard of living and financial practices. Ultimately, the court specifically found that there was no “waste, dissipation or inappropriate spending by the husband prior to or after the filing of the dissolution of marriage proceeding.” We are not in a position to engage in a reweighing of the evidence. See Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976) (“It is clear that the function of the trial court is to evaluate and weigh the testimony and evidence based upon its observation of the bearing, demeanor and credibility of the witnesses appearing in the cause. It is not the function of the *753 appellate court to substitute its judgment for that of the trial court through reevaluation of the testimony and evidence from the record on appeal before it.”). Rather, the test is whether competent, substantial evidence supports the trial court’s judgment. Id. Here, our review of the record compels us to find that the trial court did not abuse its discretion. “If reasonable [persons] could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion.” Canakmis v. Canakaris, 382 So.2d 1197,1203 (Fla.1980).
We now address the remaining points that merit discussion.
Appellant argues that the trial court’s order failed to address the issue of approximately $30,000 in furnishings that Former Husband purchased with marital funds for the home he rented when the parties separated. Appellant’s point is well taken; thus, we reverse with respect to this issue, and remand the matter for the identification, valuation, and distribution of these marital assets. Likewise, we agree with Appellant that the trial court erred by failing to address a post-petition check in the amount of $13,000 that Appel-lee wrote to his brother, and remand for the court to consider this in the equitable distribution scheme.
Appellant also complains that the trial court erred in its distribution of a motor vehicle. The court found that a 2009 Hyundai automobile was purchased with marital funds, and the parties’ adult children shared possession of the vehicle. The court ordered:
The parties shall allow the children the use of this vehicle so long as the parties are in agreement. In the event of a disagreement, the Hyundai shall be sold and the proceeds shall be divided equally between the parties. Each party shall pay one-half of the automobile insurance and repairs for this vehicle until it is sold. Neither party has the use or benefit of the Hyundai currently.
Appellant complains that the court erred by not assigning a value to the vehicle and for distributing this asset in a manner not requested by either party.
First, we observe that by raising this issue on appeal, it is apparent that the parties are not “in agreement” that the vehicle remains in their children’s possession. Section 61.075(3)(a), Florida Statutes, however, requires a trial court to determine the value of significant assets in contested proceedings such as this, which the court failed to do. Thus, we reverse as to this portion of the trial court’s order with instructions to value this vehicle and equitably distribute it.
Finally, although Appellant does not contest the trial court’s finding that Appellee lacks the ability to pay more than nominal alimony, she argues the trial court erred by fading to include in the final order a determination of her alimony needs “as established by the marital standard of living.” We agree. “In all dissolution actions, the court shall include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony.” § 61.08(1), Fla. Stat. Once the court determines a party has a need for alimony and the other party has to ability to pay, the court “shall consider all relevant factors, including, but not limited to: (a) The standard of living established during the marriage.” § 61.08(2), Fla. Stat.
Here, the trial court found Appellant had a need for permanent periodic alimony, but because Appellee lacked the ability to pay more than nominal alimony, the court declined to make a finding as to the amount of Appellant’s need. Thus, we re *754 verse and remand for the trial court to make the necessary findings. See Gergen v. Gergen, 48 So.3d 148, 150 (Fla. 1st DCA 2010) (holding it was error to defer on awarding or denying permanent periodic alimony on ground husband did not have present ability to pay).
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
PADOVANO, THOMAS, and CLARK, JJ., concur.