666 So.2d 577 (1996)
Shirley A. ANCIAUX, Appellant,
v.
Marcus A. ANCIAUX, Appellee.
No. 95-00297.
District Court of Appeal of Florida, Second District.
January 19, 1996.
*578 Ira M. Seidler, St. Petersburg, for Appellant.
Lawrence A. Jacobs, Clearwater, for Appellee.
RYDER, Judge.
Shirley Anciaux challenges the final judgment's equitable distribution of the parties' marital assets, denial of permanent periodic alimony and partial award of attorney's fees. Because she is correct that the pension plan involved in this litigation is subject to equitable distribution, and as we conclude that the trial court shall reconsider an award of permanent periodic alimony and the partial award of attorney's fees, we reverse and remand for further proceedings.
The trial judge declared in his order that pursuant to section 61.076, Florida Statutes (1993), the former husband's military retirement plan was not considered a marital asset because the parties were not married for at least ten years while he was a member of the federal uniformed services. He further declared that the pension sums received may be used for support or alimony payments, but declined to award rehabilitative or permanent periodic alimony to the former wife. However, an award of $2,000.00 in lump sum alimony was provided to her. Section 61.076(1), Florida Statutes (1993), clearly provides that the pension plan is a marital asset subject to equitable distribution. See Johnson v. Johnson, 602 So.2d 1348 (Fla. 2d DCA 1992). Section 61.076(2), Florida Statutes (1993), requires certain information in the final judgment with respect to an equitable distribution of a military pension, but it has no effect on the wife's entitlement to equitable distribution.
Given the thirteen-year duration of the marriage and the inequitable division of the debt structure, the trial court should reconsider the denial of an award of permanent periodic alimony to the former wife. See Echols v. Elswick, 638 So.2d 581 (Fla. 1st DCA 1994); Bailey v. Bailey, 617 So.2d 815 (Fla. 2d DCA 1993); Gregoire v. Gregoire, 615 So.2d 694 (Fla. 2d DCA 1992). After deducting the debt attributable to each party's automobile, the judge assigned almost $2,000.00 more in debt to the wife than the husband, while her income was approximately one-third of his. Moreover, her ability to regain her former income level was an uncertain future event. See Villaverde v. Villaverde, 547 So.2d 185 (Fla. 3d DCA 1989); Echols, 638 So.2d 581.
The former wife also disputes the trial court's partial award of attorney's fees. It can be an abuse of discretion to grant a partial attorney's fee award where there is a substantial disparity between the parties' incomes. Fabre v. Levine, 618 So.2d 317 (Fla. 1st DCA), review denied, 629 So.2d 132 (Fla. 1993). Clearly, this is the case here. Therefore, after the trial court makes an equitable distribution of the pension plan, the court should then reevaluate an award of permanent periodic alimony and the award of attorney's fees.
Reversed and remanded for further proceedings consistent with this opinion.
THREADGILL, C.J., and WHATLEY, J., concur.