679 So.2d 837 (1996)
David STOLER, Appellant,
v.
Anne B. STOLER, Appellee.
No. 95-05128.
District Court of Appeal of Florida, Second District.
September 6, 1996.
*838 M. Lance Holden and R. Scott Bunn of Sharit, Bunn, Chilton, Holden & Stambaugh, P.A., Winter Haven, for Appellant.
John W. Frost, II of Frost, O'Toole & Saunders, P.A., Bartow, for Appellee.
WHATLEY, Judge.
The husband, David Stoler, appeals a final judgment awarding the wife, Anne B. Stoler, attorney's fees and costs. We find merit only in his argument that it was error to order him to pay all of the wife's attorney's fees and costs and reverse.
First, we conclude that there was no abuse of discretion in the trial court's determination of the amount of the wife's attorney's fees and costs, although some of the costs are not within the scope of the statewide uniform guidelines for the taxation of costs. See Payne v. Payne, 481 So.2d 551 (Fla. 2d DCA 1986). However, it was an abuse of discretion to order the husband to pay all of the wife's attorney's fees and costs.
The parties were married for twenty-one years and have accumulated many assets. They have no minor children. The husband earns $291,000 per year as a physician, while the wife has no discernable job skills. The marital assets were equally divided, and each party received approximately $700,000 in such assets. In addition, the wife was awarded $8,000 per month in permanent alimony.
At trial, the testimony established that the disposable income of the husband was $10,927 per month, and the disposable income of the wife was $6,273 per month. Accordingly, the husband's disposable income was $55,848 per year more than the wife's disposable income.
The overall relative financial position and resources of the parties must be examined and not simply the isolated factor of income and earning capacity. In the present case, the wife was awarded permanent alimony of $8,000 per month. She will be able to use this sum to contribute to the payment of her own attorney's fees and costs without significantly invading her assets. Based on the facts in this case, the wife should pay a portion of her own attorney's fees and costs. We reverse and remand the case to the trial court to set a more equitable attorney fee and cost award in which the husband pays a portion of the wife's fees and costs but not all of them.
Finally, we affirm the trial court's finding that interest on attorney's fees and costs accrue from the date of entitlement, and postjudgment interest may accrue on the prejudgment amount. We note that the husband correctly concedes this point. In Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929, 930-931 (Fla. 1996), the Florida Supreme Court held that "interest accrues from the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination, *839 even though the amount of the award has not yet been determined." The court further stated that "prejudgment interest becomes part of a single total sum adjudged to be due and owing. The amount awarded for prejudgment interest, like all other components of the `judgment,' automatically bears interest as provided by section 55.03, Florida Statutes (1993)." 670 So.2d at 931.
Accordingly, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.
BLUE, A.C.J., and QUINCE, J., concur.