PER CURIAM.
The appellant, the former husband, challenges an order requiring him to pay his former wife’s attorney’s fees incurred in postdissolution proceedings. The trial court had previously ordered him to pay 60% of the fees she had incurred in the dissolution proceedings themselves, an order that was not appealed by either party. Despite the fact that both parties are practicing physicians, with substantial monthly incomes, he paid only approximately 10% of the fees he was ordered to pay. She was thus compelled to seek enforcement of the order. It was during these enforcement proceedings[1] that she incurred the additional fees which are the subject of the order we review in this appeal. We reverse.
Although the parties both have substantial monthly incomes, the former husband’s exceeds the former wife’s. The parties were each awarded significant assets, among which are large retirement investment accounts from which they may not withdraw without considerable penalty and tax consequences. Although she has a substantial monthly income and a fair share of the marital estate, the trial court ordered that she should pay nothing toward her attorney’s fees. The trial court’s findings only indicate that she is entitled to fees and that he is able to pay for them. We find this to be an abuse of discretion because the rule generally is that the spouse seeking attorney’s fees must show a need for help from the other spouse, as well as that the other spouse has the ability to meet that need. Nichols v. Nichols, 519 So.2d 620 (Fla.1988) (equitable considerations require mitigation of harm an impecunious spouse would suffer where other spouse’s financial advantage provides an unfair ability to obtain legal assistance). Although one spouse’s need and the other’s ability to pay is the primary consideration, other factors may also be considered. Rosen v. Rosen, No. 86,649, — So.2d - (Fla. Apr.24, 1997) [1997 WL 196642]. The record amply shows that the former husband has the ability to pay. The trial court, however, did not make the required finding that the former wife was in need of assistance to balance their respective abilities to obtain legal counsel.
Recently, in Stoler v. Stoler, 679 So.2d 837 (Fla. 2d DCA 1996), we reversed an award of 100% of the fees in favor of the former wife. The husband in Stoler earned a substantial income as a physician but the wife had no discernible employment skills. The marital assets were equally divided, with each spouse’s share valued at approximately $700,-000, and the husband was ordered to pay the *707 wife $8,000 per month in permanent alimony. We reversed for a reexamination of the overall financial resources of the parties so that an equitable order could be reached. So too must this ease be reversed for the same reconsideration to attain an equitable order. If the trial court finds that it is equitable to order any scheme other than that each spouse should pay their own fees,[2] it should explain how the record supports that uneven award so as to facilitate any further review.
Reversed and remanded for further proceedings.
DANAHY, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.

. We note that the record is confused as to exactly which efforts at enforcement are being recompensed by the order under review. Post-dissolution there were myriad pleadings filed by both sides on various issues. Because of our disposition, it is unnecessary to detail the tortured path of the postlitigation proceedings, but we caution the trial court that on remand the fee award should be limited to recompensing the efforts of the attorneys toward enforcement of the order on fees in the dissolution proceedings.

. By this statement we do not mean to suggest any particular scheme would be equitable in this case. The trial court is in a far better situation than this court to determine the equities between these parties. See Rosen.