724 So.2d 648 (1999)
Marie LOWMAN, Appellant,
v.
Lance LOWMAN, Appellee.
Nos. 97-04710, 97-05403
District Court of Appeal of Florida, Second District.
January 13, 1999.
David A. Maney and Lorena L. Kiely of Maney, Damsker & Jones, P.A., Tampa, for Appellant.
Karol K. Williams and Allison M. Perry, Tampa, for Appellee.
ALTENBERND, Judge.
Marie Lowman appeals the final judgment of dissolution of her marriage to Lance Lowman. She argues that the trial court erred in failing to award sufficient permanent alimony. In addition, she contends that the trial court erred in requiring Mr. Lowman to *649 pay only 50% of her attorneys' fees and costs, and in permitting him to delay payment of the fees for three years. We conclude that the trial court abused its discretion by shortchanging Mrs. Lowman in this overall award. Accordingly, we reverse and remand the judgment, requiring the trial court to increase the award to Mrs. Lowman. Additionally, if the award of attorneys' fees is deferred, the trial court should establish a payment schedule.
Mr. and Mrs. Lowman were married in 1972. The parties have two children, a fifteen-year-old son and a twenty-year-old daughter. In September 1996, after twenty-four years of marriage, Mrs. Lowman filed a petition for dissolution. The trial court entered the final judgment on October 3, 1997. The parties were granted shared responsibility for their teenage son, with Mr. Lowman being designated as the primary residential parent. Mrs. Lowman was awarded $1,200 per month in permanent periodic alimony, but was also ordered to pay $400 per month in child support. While this case was pending, Mrs. Lowman had received temporary alimony of only $500. She had expended a significant portion of her liquid marital assets on her living expenses during this period.
After the trial court's ruling on alimony, Mrs. Lowman filed a motion for reconsideration or, in the alternative, a motion for the entry of an order increasing permanent alimony seeking, among other matters, an increase in the amount of permanent alimony and reconsideration of child support payments. On November 12, 1997, the trial court denied Mrs. Lowman's claim for retroactive alimony and ordered Mr. Lowman to pay attorneys' fees of $8,000, which was roughly 50% of Mrs. Lowman's reasonable fees. Mr. Lowman was allowed to defer payment of these fees in whole or part for a period of three years subject to an 8% interest charge.
When the parties were first married, Mrs. Lowman worked in her parents' flower shop and continued to work there for fifteen years, except for brief periods associated with the birth of their children. Beginning in 1990, she contracted a series of health problems, forcing her to discontinue work. In 1996, she returned to work as a floral designer in a grocery store. As of the first day of trial, she was making approximately $20,000 annually. Mr. Lowman is employed in a managerial position with a gross income that exceeds $80,000. The marriage had produced two significant marital assets: $55,000 from the equity in the marital home after its sale and a $155,000 retirement account. The couple had agreed to split these assets equally.
As with many divorced couples, it will be difficult or impossible for their combined incomes and assets after the divorce to provide them with the same modest, but comfortable, standard of living that they enjoyed during the marriage. In this case, the parties' difficulties are exacerbated by a disagreement concerning the funds that should be used to educate their teenage son and the extent to which the couple should assist their college-age daughter with living and educational expenses. On remand, the parties are encouraged, with the assistance of their competent counsel, to resolve these disagreements. Although the financial contribution to the adult daughter is a purely moral issue in Florida, the schooling of the teenage son is not. If appropriate, the trial court may increase Mrs. Lowman's child support obligation to account not only for an increase in alimony, but also for her share of any reasonable educational expenses.
Mrs. Lowman argues that the $1,200 award of alimony is insufficient and that any permanent award should be retroactive to the date of filing. There is little question that her reasonable needs exceed this award and that Mr. Lowman has an ability to pay a larger amount. See § 61.08(02), Fla. Stat. (1997). It does not appear that permanent alimony should exceed $2,000 per month, and it would be within the trial court's discretion to award a somewhat lesser amount. Because Mr. Lowman's ability to pay this alimony is affected by his obligation to pay attorneys' fees, we do not specify a precise amount, nor do we compel that it be retroactive. However, the trial court is free to consider retroactive alimony when increasing the overall payment to Mrs. Lowman.
Concerning the award of attorneys' fees, we do not understand the trial court's reasoning *650 in allowing Mr. Lowman to defer all payment of fees for three years. Certainly, the trial court has discretion to establish a regular payment plan, which roughly transforms the attorneys' fees into an installment promissory note. However, we see no basis for the decision to simply delay execution on this judgment for three years. There is no indication that Mr. Lowman will receive any lump sum payment in three years that could be used to pay this obligation. This is simply a case in which the payment of attorneys' fees must reduce the lifestyle of one or both litigants while the fees are being paid.
Where there is a substantial disparity between the parties' incomes, it may be an abuse of discretion to grant a partial attorneys' fee award. See Anciaux v. Anciaux, 666 So.2d 577 (Fla. 2d DCA 1996); Fabre v. Levine, 618 So.2d 317 (Fla. 1st DCA 1993) (award of fees in domestic relations proceedings is not dependent upon who prevails, but rather on relative resources of parties). In light of Mr. and Mrs. Lowman's disparity in income under the current judgment, we conclude that the trial court erred in ordering Mr. Lowman to pay only 50% of Mrs. Lowman's attorneys' fees and costs. If we were not ordering an increase in alimony, we would order that Mr. Lowman pay all of Mrs. Lowman's reasonable fees.
On remand, depending upon the increase in the award of alimony, Mr. Lowman should be ordered to pay all, or at least a higher percentage, of Mrs. Lowman's attorneys' fees. In the final analysis, we are merely holding that Mrs. Lowman is entitled to a larger monetary award and leaving the precise structure to be amicably resolved by the parties or determined within the trial court's discretion.
Reversed and remanded for further proceedings consistent with this opinion.
PARKER, C.J., and WHATLEY, J., Concur.