726 So.2d 397 (1999)
Kathleen Moss GRIZZARD, Appellant/Cross-Appellee,
v.
W. Sanderson GRIZZARD, Appellee/Cross-Appellant.
Nos. 97-04889, 97-04941.
District Court of Appeal of Florida, Second District.
February 19, 1999.
*398 Karol K. Williams and Allison M. Perry of Karol K. Williams, P.A., Tampa, for Appellant/Cross-Appellee.
Catherine M. Catlin of Catherine M. Catlin, P.A., Tampa, for Appellee/Cross-Appellant.
BLUE, Judge.
Kathleen Moss Grizzard, the former wife, and W. Sanderson Grizzard, the former husband, are both practicing physicians. The two consolidated appeals presently under consideration are the third and fourth presentations to this court arising from the dissolution of the parties' marriage. See Grizzard v. Grizzard, 693 So.2d 705 (Fla. 2d DCA 1997) (first appeal following dissolution of marriage); Grizzard v. Stringer, 670 So.2d 949 (Fla. 2d DCA 1996) (petition for writ of prohibition) (table citation). The Former Wife raises four issues on appeal and the Former Husband raises a single issue on cross-appeal, all concerning post-dissolution attorneys' fees. We affirm without discussion all issues save one. We reverse the trial court's "Order On Former Wife's Motion For Attorney Fees And Costs Upon Rehearing" dated October 30, 1997.
The trial court previously awarded temporary attorneys' fees to the Former Wife for services related to supplemental petitions for modification that both parties had filed. The parties subsequently stipulated to the dismissal of these petitions and the trial court entered an order accepting the stipulated dismissal and retaining jurisdiction to enforce the terms. Although the Former Husband had filed a motion for rehearing[1] directed to the temporary fee order, the motion was not called up for hearing until approximately five months after the dismissal.[2] Almost one year after awarding temporary fees to the Former Wife, the trial court reversed its ruling and ordered the Former Wife to refund to the Former Husband the amounts he had paid under the temporary fee order.
Based on the unique facts and procedural posture in this case resulting from multitudinous post-dissolution pleadings, motions and appeals, we conclude that the Former Husband's actions constituted a waiver or abandonment of his motion for rehearing by failing to either address it in the stipulated dismissal or request the trial court to retain jurisdiction to address it. Accordingly, we reverse the order granting the Former Husband's motion for rehearing, and remand with directions for the trial court to reinstate the fee award to the Former Wife. In all other respects, we affirm.
Affirmed in part, reversed in part, and remanded.
PATTERSON, A.C.J., and GREEN, J., Concur.
NOTES
[1] The Former Wife challenges the propriety of a motion for rehearing directed to a nonfinal order awarding temporary attorney's fees. Based on our disposition of this case, we do not find it necessary to address this point.
[2] It appears from the record that the Former Husband did not pursue his rehearing motion until after this court remanded another attorney's fees order to the trial court. See Grizzard v. Grizzard, 693 So.2d 705 (Fla. 2d DCA 1997).