957 So.2d 15 (2007)
Alexander B. BALKO, Appellant,
v.
Suzanne Marie BALKO, Appellee.
Nos. 2D05-5834, 2D06-1781.
District Court of Appeal of Florida, Second District.
March 23, 2007.
Rehearing Denied June 6, 2007.
*16 Virginia R. Vetter, Tampa, for Appellant.
Jane H. Grossman of Law Office of Jane H. Grossman, St. Petersburg, for Appellee.
KELLY, Judge.
In these consolidated appeals, Alexander B. Balko (the husband) challenges the amended supplemental final judgment modifying alimony and the order granting attorney's fees and costs to Suzanne Marie Balko (the wife). We affirm the amended supplemental final judgment without discussion. We reverse, however, the order granting the wife attorney's fees and costs because the trial court awarded the wife 100% of her fees and costs based solely on an assessment of the husband's ability to pay.
The determination regarding an appropriate award of attorney's fees in a dissolution case is governed by section 61.16, Florida Statutes (2005). Section 61.16(1) requires the court to consider "the relative financial resources of the parties." The purpose of the section is to ensure that both parties will have a similar ability to obtain competent legal counsel. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). In evaluating whether an award of fees is appropriate, courts are to "look to each spouse's need for suit money versus each spouse's respective ability to pay." Rosen v. Rosen, 696 So.2d 697, 699 (Fla. 1997). Here, the trial court erred in making its determination regarding whether to award fees because it based the award solely on the relative income of the parties, without considering any other financial resources available to them. See Stoler v. Stoler, 679 So.2d 837 (Fla. 2d DCA 1996) (holding that in awarding attorney's fees in a dissolution case, the trial court must consider the parties' overall financial resources not simply income and earning capacity). Accordingly, we reverse the award of attorney's fees and costs and remand for the trial court to reconsider its award of fees taking into consideration the overall relative financial positions and resources of the parties and to make findings of fact that will permit review of its decision. See Cullen v. Cullen, 884 So.2d 304 (Fla. 2d DCA 2004). If necessary, the court may take additional evidence on this issue.
Affirmed in part; reversed in part; remanded for further proceedings.
DAVIS and SILBERMAN, JJ., Concur.