978 So.2d 858 (2008)
Angel TRESPALACIOS, Appellant,
v.
Joyce TRESPALACIOS, Appellee.
No. 2D07-229.
District Court of Appeal of Florida, Second District.
April 9, 2008.
*859 Virginia R. Vetter, Tampa, for Appellant.
Joe Gonzalez of Joe Gonzalez, P.A., Tampa, for Appellee.
PER CURIAM.
Angel Trespalacios, the husband, challenges the trial court's award of temporary alimony, temporary attorney's fees and costs, and temporary exclusive use of the marital home to Joyce Trespalacios, the wife. We reverse the trial court's order with respect to the award of temporary *860 attorney's fees and costs but we affirm in all other respects.
During their forty-year marriage, the parties earned a substantial income which allowed them to enjoy a fairly comfortable lifestyle. The parties' home is valued at about one million dollars. The husband's income derives from a real estate business he has operated as an S-Corporation for many years. The wife has had a successful sales career for about seventeen years. Despite their apparently affluent lifestyle, the husband presented an income affidavit in this divorce proceeding reflecting a net annual income of about $17,000. This represents about one-quarter of the taxable income he reported in 2005. Most of the difference between his prior-year income and the income reported in his financial affidavit may be traced to his treatment of pass-through income from his S-Corporation. In prior years, the husband distributed much of the pass-through income from the corporation to himself for personal expenses, but he now contends that the pass-through income must be retained in his S-Corporation for corporate expenses.
The wife argued that the trial court should impute income of $8000 per month to the husband based on his past income history and that the trial court should include all of the husbands S-Corporations pass-through income in that figure. The husband argued that Zold v. Zold, 911 So.2d 1222 (Fla.2005), prohibits inclusion of pass-through income if the income is kept in the corporation to pay its overhead and other expenses. The trial court agreed with the husbands characterization of Zold but found that the husband had failed to prove that the income retained in his S-Corporation was solely for corporate expenses. See Zold, 911 So.2d at 1231-33 (concluding that whereas undistributed pass-through income retained by a corporation for corporate purposes does not constitute income within the meaning of chapter 61, "where undistributed `pass-through' income has been retained for noncorporate purposes, such as to shield this income from the reach of the other spouse during dissolution, the improper motive for its retention makes it available `income' under section 61.046(7) or `business income' under section 61.30(2)(a)(3).")
The trial court concluded that a presumed income of $17,000 per year for the husband would reflect neither his true income nor his earning capacity. Observing that a comprehensive determination of the husband's imputed income pursuant to Zold could not be fully addressed in the context of an expedited hearing on a motion for temporary relief and basing its conclusion on the information available to it at the time of the hearing, the trial court imputed income to the husband of $4000 per month. Significantly, the trial court further noted that it would undertake a more comprehensive analysis of the husband's income pursuant to the guidelines in Zold at the final hearing. We share the trial court's frustration in attempting to arrive at equitable numbers when a party is not candid about his or her actual income and/or expenses. Under the circumstances, with the limited information available and in the context of a request for temporary relief, we conclude that the trial court did not abuse its discretion in imputing net income of $4000 per month to the husband.
Based on the evidence available to it at the hearing, the trial court found that the wife's monthly net income was $2415 and her expenses were $3776, leaving the wife with a monthly deficit of $1361, and that the husband's (imputed) net income of $4000 minus current expenses of $2296 left him with a surplus of $1704. The trial court then awarded the wife temporary alimony of $1361, the amount of her deficit. *861 This had the effect of increasing the wife's net income to $3776 while simultaneously reducing the husband's net income to $2639.
Next, the trial court awarded temporary exclusive use of the marital home to the wife. This had the effect of increasing the husbands expenses by the amount necessary to procure alternate housing. When added to the husbands expenses, this additional expense would wipe out any surplus he may have had, and may have left him with a monthly net deficit. However, because the trial court was working with an imputed income figure based on limited information, we find no abuse of discretion as to the award of temporary alimony and temporary exclusive use of the marital home. See Ghay v. Ghay, 954 So.2d 1186, 1190 (Fla. 2d DCA 2007) ("[I]t is undoubtedly more difficult to establish an abuse of discretion or a harmful error of law in a temporary order. If the circuit court issues an order that comports with the evidence presented at the temporary hearing and provides a reasonable temporary resolution of the family's needs in light of their apparent resources, we are unlikely to find any reversible error in the temporary award.").
The trial court then awarded temporary attorneys fees of $20,000 and temporary costs of $10,000 to the wife. By awarding both temporary alimony and the temporary exclusive use of the marital home to the wife, the parties were placed in substantially equal positions, and the husband no longer had a superior ability to pay. Where the parties are on a substantially equal footing with regard to their ability to pay their own attorney's fees, it is an abuse of discretion to require one party to pay the other party's fees. See Cummings v. Cummings, 330 So.2d 134, 136 (Fla.1976). Because the parties had been placed on a "substantially equal footing" as a result of the alimony award and the award to the wife of the temporary exclusive use of the marital home, the additional award of attorney's fees and costs to the wife was error.
We note that in making an award of attorney's fees, the trial court may also consider, in addition to the financial resources of the parties, "the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation." Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997). In this case, the trial court may have had such factors in mind when awarding attorney's fees and costs to the wife, but the trial court's order does not make that clear. The trial courts comment, "The court finds these amounts to be reasonable given the highly contentious nature of this litigation," does not inform this court as to whether the trial court considered the contentiousness of the litigation to be the fault of the husband or the wife or both.
Based on the above, we conclude that the trial court abused its discretion when it ordered the husband to pay the wifes temporary attorneys fees. Accordingly, we reverse the award of temporary attorneys fees. We have considered the other issues raised by the husband in this appeal and find them to be without merit.
We emphasize that this is an appeal from an order granting temporary relief. This opinion shall have no effect on the trial courts determinations in arriving at a final judgment of dissolution in this matter; the trial court is free to reexamine its findings pursuant to the guidelines of chapter 61, Florida Statutes (2006), Zold, 911 So.2d 1222, and Rosen, 696 So.2d 697. See also Ghay, 954 So.2d at 1190 ("If *862 further discovery reveals that a temporary support order is inequitable or based upon improper calculations, any inequity can usually be resolved in the final judgment, after a full and fair opportunity to be heard.").
Affirmed in part; reversed in part.
CASANUEVA and STRINGER, JJ., DAKAN, STEPHEN L., Associate Senior Judge, Concur.