989 So.2d 1208 (2008)
Maureen MOUNT, Appellant,
v.
Jeffrey MOUNT, Appellee.
No. 2D06-5114.
District Court of Appeal of Florida, Second District.
August 29, 2008.
*1209 John S. Simms of Staack, Simms & Hernandez, P.A., Clearwater, for Appellant.
No appearance for Appellee.
KELLY, Judge.
In this appeal from a postdissolution modification proceeding, the former wife challenges an order denying her request that the former husband be ordered to pay her attorney's fees and costs. Because the former husband's financial resources are substantially superior to those of the former wife, the trial court abused its discretion when it denied the former wife's motion for attorney's fees and costs. Accordingly, we reverse.
A court may award attorney's fees and costs in a dissolution proceeding after considering the financial resources of both parties. § 61.16, Fla. Stat. (2006). The proper inquiry is whether one spouse has a need for suit money and whether the other has the ability to pay. Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997). In evaluating the parties' financial circumstances in this case, the trial court found that the former wife was voluntarily unemployed and imputed income to her in the amount of $7 per hour. The trial court made no specific finding regarding the former husband's income; however, his financial affidavit indicates that his gross income exceeds $234,636 per year. The trial court found that the parties' net worth was comparable, with liabilities exceeding assets, and that the former wife had a monthly surplus while the former husband's monthly income was "essentially depleted" by child support and alimony. Based on this, the trial court concluded both parties should be responsible for their own attorney's fees.
The former wife first argues that the trial court erred in imputing income to her. The standard of review of a court's decision to impute income is whether it is supported by competent, substantial evidence. Hinton v. Smith, 725 So.2d 1154, 1156 (Fla. 2d DCA 1998). The trial court's finding that the former wife was voluntarily unemployed and has the demonstrated ability to earn $7 per hour is supported by the record; accordingly, we reject the former's *1210 wife's contention that it was error to impute income to her.
The former wife next contends that the trial court abused its discretion when it did not grant her motion for attorney's fees and costs. "Where there is a substantial disparity between the parties' incomes, it may be an abuse of discretion to grant a partial attorneys' fee award." Lowman v. Lowman, 724 So.2d 648, 650 (Fla. 2d DCA 1999). In contrast to the former wife's monthly imputed income of $1213, the former husband's financial affidavit indicates he has gross monthly income of $19,553. Notwithstanding the considerable disparity in the parties' incomes, the trial court concluded the parties were on equal footing and should pay their own fees and costs. The trial court apparently based its decision on its finding that the former husband's monthly income was "essentially depleted" due to other court-ordered obligations and its finding that the former wife had a small monthly surplus. Neither of these findings is supported by the record, however. Rather, the record reflects that the former husband's income exceeded his expenses, only a fraction of which were other court-ordered obligations. In contrast, the former wife had a monthly deficit. Thus, even if the parties' net worth was comparable, because of the substantial disparity in their incomes, the former husband's financial situation was superior to that of the former wife, and the trial court abused its discretion when it denied the former wife's motion for attorney's fees.
Although the trial court denied the former wife's motion for attorney's fees and costs, it nevertheless calculated the amount of fees and costs due and found the amount to be reasonable, findings which have not been challenged in this appeal. We therefore affirm that portion of the order. On remand, the trial court should enter an order granting the former wife's motion in the amount it previously determined to be reasonable.
Reversed and remanded.
SILBERMAN and LaROSE, JJ., Concur.