MORRIS, Judge.
 

 Clifford and Terri Thompson appeal an order vacating a November 2005 order and a resulting January 2006 final judgment. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(5). For the reasons discussed below, we reverse.
 

 Procedural Facts
 

 The initial procedural facts are set forth in this court’s opinion in
 
 Thompson v. Jared Kane Co.,
 
 872 So.2d 356 (Fla. 2d DCA 2004).
 

 
 *65
 
 [Appellee Jared Kane Company, Inc. (“JKC”) ] sought foreclosure of a construction lien against the Thompsons’ home after disputes arose during the home’s construction. The claim of lien was filed pursuant to section 713.05, Florida Statutes (1997), which allows for the creation of a lien where the lienor is in privity with the owner. JKC’s action to foreclose the lien alleged that the Thompsons had entered into a “construction agreement” with JKC. During the litigation, the Thompsons attempted to amend their answer and counterclaim to allege that they had not contracted with JKC but had contracted with another entity, Kane Communities, Ltd. (“KCL”). The trial court refused their request to amend, found that JKC had a valid lien against the home, and awarded JKC $178,208.05 in damages. The trial court also entered separate judgments against the Thompsons for attorney’s fees and costs.
 

 Id.
 
 at 358. This court reversed all three judgments because the “trial court’s refusal to allow the Thompsons to amend their answer and counterclaim was an abuse of discretion.”
 
 Id.
 
 The key legal issue in the litigation was whether the Thompsons entered into a contract with JKC or KCL.
 
 Id.
 
 at 359-60.
 

 On remand, the Thompsons amended their answer and counterclaim to deny that JKC was the contracting party and to allege that KCL was the contracting party. In response, JKC moved to amend its complaint to allege that JKC had entered into an oral agreement with the Thomp-sons. JKC attached to its complaint a contractor’s affidavit indicating that KCL was the contracting party. The Thomp-sons then filed a motion for relief for fraud on the court. The Thompsons alleged that JKC and its attorney, Fitzgerald Frater, accidentally revealed the affidavit, which conflicted with JKC’s contention throughout the litigation that the Thompsons had contracted with JKC but which was consistent with the Thompsons’ contention throughout the litigation that the Thomp-sons had contracted with KCL. The Thompsons alleged that JKC, Frater, and JKC’s principal, Lief Metsch, committed fraud on the court by intentionally hiding the affidavit.
 

 In November 2005, the trial court held a nonevidentiary hearing on the Thompsons’ motion for relief based on fraud on the court. At the hearing, the Thompsons’ counsel alleged that the affidavit was requested in discovery but was not produced by JKC. Frater did not object. The trial court orally announced that it was denying the Thompsons’ request to dismiss JKC’s action, but the trial court “impose[d] the sanction that the Thompsons be awarded all costs and attorney’s fees for the first portion of this trial including the appeal no matter what the ultimate outcome is.” On November 29, 2005, the trial court entered a written order finding fraud and imposing sanctions against JKC, KCL, Metsch, Fra-ter and Frater’s former firm, Treiser, Collins, and Vernon, P.L. (“TCV”).
 
 [1]
 
 In November 2005, the trial court also entered an order allowing Frater and TCV to withdraw from representing JKC.
 

 In January 2006, in accordance with its November 2005 order finding fraud, the trial court entered a final judgment in favor of the Thompsons in the amount of $216,429.75 against JKC, KCL, Metsch, Frater, and TCV. (The November 2005 order finding fraud and the resulting January 2006 judgment will hereinafter be referred to as the order and judgment.)
 
 *66
 
 Frater moved for rehearing and for relief from the order and judgment pursuant to Florida Rules of Civil Procedure 1.530 and 1.540(b).
 

 In February 2006, TCV moved for rehearing and for relief from the order and judgment, claiming that no discovery violation had been committed. In March 2006, TCV moved to amend its motion for rehearing and for relief from the order and judgment, arguing that the order and judgment should be
 
 “completely
 
 vacated.” In April 2006, Frater moved to amend his motion for rehearing and for relief from the order and judgment, claiming that no discovery violation had been committed. Frater argued that the “Order and Final Judgment should be vacated entirely. At the very least, the Order and Final Judgment should be vacated as to Fitzgerald A. Frater, Esq., and the other non-parties [sic].” TCV then moved to adopt Frater’s amended motion for rehearing and for relief from the order and judgment.
 

 In June 2006, the trial court held a hearing on Frater’s and TCV’s motions. As a result, the parties agreed to a stipulated order. In December 2006, TCV moved for entry of a stipulated order removing the nonparties from the order and judgment or in the alternative for the trial court to vacate the order and judgment based on TCV’s previously filed motions. Frater joined in TCV’s motion for a stipulated order. In January 2007, the trial court entered the stipulated order vacating order and judgment as to all the nonparties only, specifically KCL, Metsch, Frater, and TCV.
 

 In April 2007, the Thompsons moved for summary judgment against JKC. In June 2007, the trial court granted the Thomp-sons’ motion for summary judgment and entered summary judgment in favor of the Thompsons against JKC.
 

 In September 2008, the Thompsons moved for sanctions against JKC and the nonparties on the basis of fraud on the court, claiming that Frater and TCV were liable for fraud on the court.
 

 In February 2009, an evidentiary hearing was held on the Thompsons’ motions for sanctions based on fraud on the court. In March 2009, the trial court entered an order denying the Thompsons’ motions for sanctions, finding that the Thompsons failed to present evidence supporting a finding of fraud by the nonparties.
 

 In May 2009, the trial court held a hearing on Frater’s and TCV’s 2006 motions for rehearing and for relief from the order and judgment. On May 14, 2009, the trial court entered the order vacating the order and judgment that is on appeal in this case.
 

 Analysis
 

 The Thompsons first argue on appeal that Frater and TCV did not have standing to- attack the finding of fraud entered against JKC in the order and judgment. We conclude that Frater and TCV had standing to challenge the finding of fraud based on their alleged involvement in the fraud. However, as argued by the Thomp-sons on appeal, Frater’s and TCV’s motions for rehearing and for relief from judgment were mooted by entry of the stipulated order in 2007.
 

 In Frater’s amended motion for rehearing and for relief from the order and judgment filed in April 2006, Frater asked for the order and judgment to be vacated entirely and “[a]t the very least,” for the order and judgment to be “vacated as to Fitzgerald A. Frater, Esq., and the other non-parties [sic].” TCV joined in Frater’s motion. Then, TCV filed a motion for a stipulated order, asking the trial court to remove the nonparties from the order and judgment. This motion asked “[i]n the alternative” for the court to vacate the
 
 *67
 
 order and judgment. Frater joined in this motion.
 

 At the hearing held in June 2006, the Thompsons, Frater, and TCV agreed for the trial court to enter a stipulated order removing them from the order and judgment. After a long discussion, it was agreed to by all present (Frater, TCV, and counsel for the Thompsons) that the stipulated order would resolve all pending issues between the Thompsons, Frater, and TCV that were raised in Frater’s and TCV’s motions for rehearing and for relief from the order and judgment. The Thompsons wanted to preserve their right to allege fraud against Frater and TCV at a later date, and TCV and Frater wanted to preserve them right to contest any allegations of fraud by the Thompsons against them that may arise in the future. Fra-ter’s counsel stated that he wanted to make it clear that he was not in any way trying to adversely affect the interests of any party not represented (presumably referring to JKC),
 
 [2]
 
 but at no point at the hearing did either Frater or TCV specifically reserve them right to challenge on behalf of JKC the finding of fraud as against JKC in the order and judgment.
 

 When the trial court entered the stipulated order in January 2007, at the request of Frater and TCV, and Frater and TCV did not ask the trial court to consider granting the other relief sought in their motions for rehearing and for relief from the order and judgment on behalf of JKC until two years later, Frater and TCV abandoned their request for that other relief.
 
 See Grizzard v. Grizzard,
 
 726 So.2d 397, 398 (Fla. 2d DCA 1999). In
 
 Grizzard)
 
 the former husband was ordered to pay temporary fees to the former wife during postdissolution modification proceedings filed by both parties.
 
 Id.
 
 The husband filed a motion for rehearing of the temporary fee order. In the meantime, he and the former wife stipulated to the dismissal of both modification petitions. Five months after moving for rehearing on the temporary fee issue, the former husband’s motion was called up for hearing. A year after the trial court entered its temporary fee order, it reversed the order and ordered the former wife to return the temporary fee money to the former husband.
 

 On appeal, this court held that the former husband waived or abandoned his motion for rehearing on the fee issue by failing to address it in the stipulated dismissal or request the trial court to retain jurisdiction to address it.
 
 Id.
 
 This holding was based on the unique facts and procedural posture of the case resulting from many postdissolution pleadings, motions, and appeals.
 
 Id.
 

 As in
 
 Giizzard,
 
 based on the unique facts and procedural posture of this case, Frater and TCV abandoned or waived them motions to vacate the order and judgment completely and in their entirety by entering into the stipulated order and by not seeking any additional relief for two years.
 
 [3]
 
 Any request for relief from the
 
 *68
 
 order and judgment in 2009 would have been untimely.
 
 See
 
 Fla. R. Civ. P. 1.540(b). Therefore, the trial court erred in granting Frater’s and TCWs motions for rehearing and for relief from judgment.
 
 [4]
 
 Accordingly, we reverse the order vacating the order and judgment.
 

 Reversed and remanded.
 

 WHATLEY and LaROSE, JJ., Concur.
 

 [1]
 

 . Frater was a member of TCV until August 2005, when Frater formed his own firm. Fra-ter continued to represent JKC until he filed a motion to withdraw in October 2005.
 

 [2]
 

 . It appears from the record that JKC did not hire new counsel after Frater withdrew and that JKC did not act any further in the proceedings below. At the time of this hearing in June 2006, JKC still had time to file on its own behalf a timely motion for relief from judgment pursuant to rule 1.540(b).
 

 [3]
 

 . The Thompsons have always maintained that the stipulated order disposed of Frater’s and TCV's motions. At the February 2009 hearing on the Thompsons' motion for sanctions against Frater and TCV, the trial court indicated that it was going to consider Fra-ter’s and TCV's motions for rehearing and for relief from judgment that were still pending from 2006, but the Thompsons' counsel objected on the basis that the stipulated order had dealt with those motions. The trial court nonetheless set Frater’s and TCV’s motions for another hearing. At that hearing in May 2006, the Thompsons' counsel argued that the
 
 *68
 
 motions for rehearing and for relief from judgment were stale and that the stipulated order mooted them. The Thompsons’ counsel read portions of the June 2006 hearing transcript to the trial court and argued that the motions no longer existed because they had been disposed of by the stipulated order.
 

 [4]
 

 . Throughout the proceedings below, several trial judges were assigned to this case. We understand that the trial judge who entered the order on appeal was attempting to undo perceived errors that were a result of confusion caused by all parties to the litigation and presented to a trial judge previously assigned to the case. However, any timely claim on behalf of JKC to undo the fraud finding was abandoned, and JKC never sought relief from the order and judgment on its own behalf.