VILLANTI, Judge.
Marcia L. Arena appeals the trial court’s final judgment awarding her bridge-the-gap alimony instead of permanent alimony, as she had requested, and the trial court’s order requiring her former Husband, John F. Arena, to pay only 60% of her attorney’s fees and costs. We affirm the alimony award without discussion. However, we reverse the order granting the former Wife only a partial attorney’s fee award because neither the record on appeal nor the trial court’s fee order contains sufficient factual findings to support the award.
We review an award of attorney’s fees, whether in whole or in part, for abuse of discretion. Anciaux v. Anciaux, 666 So.2d 577, 578 (Fla. 2d DCA 1996). Decisions regarding an award of attorney’s fees in a dissolution case are governed by section 61.16, Florida Statutes (2009), which requires the trial court to consider “the relative financial resources of the par *1046 ties” in evaluating whether a fee award is appropriate. In doing so, “the trial court must look to each spouse’s need for suit money versus each spouse’s respective ability to pay.” Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997); see also Balko v. Balko, 957 So.2d 15, 16 (Fla. 2d DCA 2007). A trial court may also consider “any factor necessary to provide justice and ensure equity between the parties.” Rosen, 696 So.2d at 700; see also Trespalacios v. Trespalacios, 978 So.2d 858, 861 (Fla. 2d DCA 2008) (“[I]n making an award of attorney’s fees, the trial court may also consider, in addition to the financial resources of the parties, ‘the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation.’ ”). While exceedingly broad and diverse, factors considered in attorney’s fees determinations are not without limitations.
To begin, it can be an abuse of discretion to grant only a partial attorney’s fee award where, on balance, there is a substantial disparity between the parties’ incomes. See, e.g., Lowman v. Lowman, 724 So.2d 648, 650 (Fla. 2d DCA 1999); Anciaux, 666 So.2d at 578. But the trial court cannot award fees based solely on disparity of income. See Balko, 957 So.2d at 16; Bohner v. Bohner, 997 So.2d 454, 457 (Fla. 4th DCA 2008) (finding error in fee award to the wife even though the husband’s annual income was 75% greater than the wife’s where, inter alia, the wife’s annual income — including imputed income — approached $100,000). Rather, the trial court must consider need and ability to pay attorney’s fees, i.e., “the overall relative financial positions and resources of the parties,” and not just an isolated factor such as income or earning capacity. Balko, 957 So.2d at 16; see also Crick v. Crick, 78 So.3d 696, 699 (Fla. 2d DCA 2012); Pinder v. Pinder, 911 So.2d 870, 873-74 (Fla. 2d DCA 2005); Stoler v. Stoler, 679 So.2d 837, 838 (Fla. 2d DCA 1996) (holding that the wife should be responsible for a portion of her own fees and costs where the husband’s disposable income was $10,927, the wife’s disposable income was $6273, but each spouse left the marriage with $700,000 in marital assets); Spenceley v. Spenceley, 746 So.2d 505, 506-07 (Fla. 4th DCA 1999) (affirming trial court’s denial of a fee award to the wife even though the husband earned twice as much, where she was voluntarily underemployed and not actively seeking work, almost all her expenses were paid by family members, and she had received $15,000 from the liquidation of the husband’s retirement account).
After considering all applicable factors, the trial court must then make specific findings of fact — either at the hearing or in the written judgment — supporting its determination of entitlement to an award of attorney’s fees and the factors that justify the specific amount awarded. See Rogers v. Rogers, 12 So.3d 288, 292 (Fla. 2d DCA 2009); Balko, 957 So.2d at 16; Barber v. Goodwin, 880 So.2d 712, 713 (Fla. 2d DCA 2004) (“Once the trial court has determined that there is an entitlement to fees, the court must set forth findings regarding the factors that justify the specific amount awarded.”); Esaw v. Esaw, 965 So.2d 1261, 1265 (Fla. 2d DCA 2007) (stating that “an award of attorney’s fees without adequate findings justifying the amount of the award is reversible”); Bohner, 997 So.2d at 457 (reversing attorney fee award to the wife because the trial court did not articulate any basis for its conclusion that the wife needed her fees paid and the record did not support such a *1047 finding). Distinct findings regarding an award of fees in dissolution proceedings are imperative because a trial court’s vague findings present an obstacle to meaningful appellate review. See Elliott v. Elliott, 867 So.2d 1198, 1201 (Fla. 5th DCA 2004).
In its final judgment of dissolution of marriage in this case, the trial court found that each party would leave the marriage with $296,000 in assets, including a substantial amount of cash from the sale of the marital home. It also found that the Husband’s gross annual income was $152,000 and imputed income to the unemployed Wife in the range of $70,000 to $80,000 annually. The trial court concluded that the Wife should be able to obtain employment in three to nine months, if she made a diligent effort. Those findings are supported by the record.
However, more than six months after the final hearing on dissolution, the trial court held a two-day hearing on attorney’s fees. Its subsequent fee order noted that the Wife was still unemployed but also concluded that she had “limited assets remaining” and that she had demonstrated “a need for assistance in paying her attorney’s fees and costs.” It also noted the obvious: that the Husband’s income was substantially greater than the income imputed to the Wife and that he had, therefore, the ability to contribute to her attorney’s fees and costs. Then, without further elaboration, the court concluded that the Husband was required to pay only 60% of the Wife’s $45,816 total fees and costs ($27,489.60), and that the Wife was responsible for 40% of her own fees and costs. This was error because the court’s award failed to set forth factual findings regarding any factors that justified the specific amount awarded, and we have been otherwise unable to discern the basis for the award. While the trial court may have had a rationale in mind for its award, without either an oral or written explanation, on the record before us the 60% award thus appears arbitrary.
The Husband contends that the trial court considered the Wife’s actions in the litigation in determining that he should only pay 60% of her fees and costs. But, if the trial court did so, its order does not explain that. In fact, the only discussion of litigation behavior in the order pertains to the Husband’s actions, not the Wife’s. And even if the trial court had intended to award some portion of the Wife’s fees and costs as a sanction for the Husband’s litigation misconduct, the fee order contains insufficient findings. See, e.g., Gagnon v. Gagnon, 539 So.2d 1179, 1179 (Fla. 1st DCA 1989) (explaining that if attorney’s fees are awarded as sanction for litigation misconduct, the court must make findings that, support the reduction or enhancement factors set out in Rosen and must explain what portion of the fees incurred was “occasioned by [the] husband’s misconduct”); Trespalacios, 978 So.2d at 861 (reversing fee award because, while the trial court may have had the Rosen factors in mind when it mentioned the contentious nature of the litigation in making the award, the court’s findings did not make it clear that it was sanctioning the husband); Elliott, 867 So.2d at 1201-02 (remanding for the court to “articulate the precise nature and extent of the conduct it believes warrants an assessment of attorney’s fees under Rosen and its impact on the attorney’s fees incurred by the wife”). In any event, the Husband’s contumacious litigation behavior would not justify reducing the fees awarded to the Wife.
Therefore, we reverse the trial court’s fee order and remand with directions that the trial court reconsider fees and make findings of fact sufficient to permit review of its decision.
*1048 Affirmed in part; reversed in part; remanded for further proceedings.
NORTHCUTT and KELLY, JJ., Concur.