DAMOORGIAN, C.J.
Elyse Fichtel (“Former Wife”) appeals the final judgment of dissolution ending her marriage to Marc Fichtel (“Former Husband”). Though Former Wife raises a number of issues on appeal, we write only to address her claims concerning alimony and attorney’s fees. We reverse the trial court’s ruling on Former Wife’s claim for attorney’s fees and affirm on all other issues.
This case arises from the dissolution of a long-term marriage of almost nineteen years. At trial, the parties disputed whether Former Wife was entitled to du-rational or permanent alimony. Central to the alimony issue was the parties’ respective earning potential; specifically, Former Wife’s employability. It was undisputed that Former Husband earned approximately $200,000 per year. Although Former Husband was the primary wage earner, Former Wife held a teaching position with the School Board of Broward County until 2004. When Former Wife left her position, Former Husband did not agree that she would never return to work, and to his knowledge, no doctor ever determined that Former Wife was incapable of returning to work. According to Former Wife, however, she left her teaching position for health reasons.
In addition to their own testimony about the Former Wife’s employability, both parties presented testimony from vocational counselors. Former Husband’s vocational counselor opined that Former Wife could reasonably expect to earn $10 to $15 an hour if she returned to the workforce. Former Wife’s vocational counselor opined that based on her medical condition and her role as caregiver to the parties’ minor children, Former Wife is one hundred percent unemployable. The trial court awarded Former Wife durational alimony for a period of fifteen years at a rate of $4,200 per month. Regarding Former Wife’s claim for payment of her attorney’s fees, the trial court also heard testimony from Former Wife’s counsel about the fees she incurred during this case. The trial court recognized that Former Wife was entitled to all or a portion of her attorney’s fees and ultimately awarded her half.

Alimony Award

Former Wife argues that the trial court erred in awarding her durational *595 alimony instead of permanent alimony. We review a trial court’s decision on whether to award permanent periodic alimony for abuse of discretion. Hornyak v. Hornyak, 48 So.3d 858, 861 (Fla. 4th DCA 2010).
The decision to award alimony is based on the trial court’s factual determination of one spouse’s need and the other spouse’s ability to pay. See § 61.08(2), Fla. Stat. (2011).[1] Once the trial court makes a finding as to need and ability to pay, section 61.08, Florida Statutes, sets forth a non-exhaustive list of factors for the trial court to consider in determining the proper type and amount of alimony to award. Id. There is a rebuttable presumption that a marriage lasting more than seventeen years is a long-term marriage. § 61.08(4), Fla. Stat. There is also a re-buttable presumption that permanent alimony is appropriate after a long-term marriage. Motie v. Motie, 132 So.3d 1210, 1213 (Fla. 5th DCA 2014). Durational alimony, on the other hand,
may be awarded when permanent periodic alimony is inappropriate. The purpose of durational alimony is to provide a party with economic assistance for a set period of time following a marriage of short or moderate duration or following a marriage of long duration if there is no ongoing need for support on a permanent basis.
§ 61.08(7), Fla. Stat. (emphasis added).
Though it is undisputed that this case involves a long-term marriage, the trial court found that “durational alimony is warranted and that no other form of alimony is appropriate.” We hold that this was not an abuse of discretion. The Final Judgment indicates that the trial court considered each of the factors enumerated in section 61.08(2) when fashioning the alimony award. It is apparent from the Final Judgment that the trial court questioned Former Wife’s claim that she was unable to work due to illness and believed that her voluntary unemployment negated her need for support on a permanent basis.
The trial court is granted considerable discretion with regard to an alimony award and we are loathe to second guess the trial court’s ruling where, as here, the statutory factors were considered. See Dawson v. Dawson, 948 So.2d 1026, 1026 (Fla. 5th DCA 2007) (quoting Deakyne v. Deakyne, 460 So.2d 582, 583 (Fla. 5th DCA 1984)) (“ ‘It is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the evidence. Rather, the test is whether the judgment of the trial court is supported by competent evidence.’ ”) Moreover, the trial court’s findings were sufficient to rebut the presumption favoring permanent alimony. Cf. Stephens v. Stephens, 807 So.2d 700, 701 (Fla. 2d DCA 2002) (trial court’s finding that former wife has the ability to work full-time rebutted the presumption of entitlement to permanent periodic alimony). Thus, we affirm the Final Judgment with respect to the durational alimony award.

Attorney’s Fees Award

Next, Former Wife argues that based on the significant disparity between *596 the parties’ incomes, the trial court erred in awarding Former Wife only fifty percent of her attorney’s fees and costs. We hold that the trial court’s vague findings on the issue of attorney’s fees precludes any meaningful review of this issue and reverse.
The standard of review for an attorney’s fees award is abuse of discretion. See Campbell v. Campbell, 46 So.Bd 1221, 1222 (Fla. 4th DCA 2010). The purpose of awarding attorney’s fees in a dissolution proceeding is to make sure that each spouse has equal access to competent legal counsel. Ondrejack v. Ondrejack, 839 So.2d 867, 872 (Fla. 4th DCA 2003) (citing Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997)). An award of attorney’s fees and costs is based on each spouse’s respective need and ability to pay. Conlan v. Conlan, 43 So.3d 931, 933-34 (Fla. 4th DCA 2010) (quoting Patterson & Maloney v. Gumberg, 828 So.2d 403, 405 (Fla. 4th DCA 2002)).
“It can be an abuse of discretion to grant only a partial attorney’s fee award where, on balance, there is a substantial disparity between the parties’ incomes. But the trial court cannot award fees based solely on disparity of income.” Arena v. Arena, 103 So.3d 1044, 1046 (Fla. 2d DCA 2013) (citations omitted); see also Margulies v. Margulies, 645 So.2d 54, 54 (Fla. 4th DCA 1994) (reversing the trial court’s order awarding the former wife one-half of her attorney’s fees where the evidence showed that the former wife would have to invade her capital assets to pay the balance but the former husband had the ability to pay all of the fees and costs without invading any assets).
It is critical that the trial court makes “specific findings of fact — either at the hearing or in the written judgment— supporting its determination of entitlement to an award of attorney’s fees and the factors that justify the specific amount awarded.... [Vjague findings present an obstacle to meaningful appellate review.” Arena, 103 So.3d at 1046-47 (citations omitted) (reversing the order requiring the former husband to pay only sixty percent of the former wife’s attorney’s fees where the court failed to make factual findings justifying the specific amount awarded).
Here, the trial court determined that Former Husband was responsible for only fifty percent of Former Wife’s attorney’s fees. The final order on fees merely indicates that this percentage was appropriate “[biased on the income of [Former] Husband and the support payments made to [Former] Wife.” The only other factual finding made at the hearing and in the final order was that the fees due to Former Wife’s counsel were reasonable. While the trial court may have had a legitimate rationale in mind for the fifty percent attorney’s fee award, it did not address the substantial disparity between the parties’ incomes or provide specific factual findings justifying the amount of the award. Accordingly, we “reverse the trial court’s fee order and remand with directions that the trial court reconsider fees and make findings of fact sufficient to permit review of its decision.” See Arena, 103 So.3d at 1047.

Affirmed in part, Reversed in part and Remanded.

GROSS and KLINGENSMITH, JJ„ concur.

. Although the petition for dissolution of marriage was filed in January 2010, the 2011 version of section 61.08 applies in this case because the Final Judgment containing the initial alimony award was entered on October 2, 2012. See Ch. 2011-92, § 80, Laws of Fla. (providing that the 2011 amendments to section 61.08 apply "to all initial awards of alimony entered after July 1, 2011”); see also Margaretten v. Margaretten, 101 So.3d 395, 396 n. 1 (Fla. 1st DCA 2012) (applying the 2011 version of 61.08 because although petition for dissolution was filed in 2009, the final judgment containing the initial alimony award was entered in November 2011).