NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


YANCY SCOTT RICHARDS,                     )
                                          )
          Appellant,                      )
                                          )
v.                                        )     Case Nos.  2D15-4586
                                          )                2D16-2162
KRISTA L. WEBER, f/k/a KRISTA L.          )
RICHARDS,                                 )     CONSOLIDATED
          Appellee.                       )
                                          )
                                          )

Opinion filed May 24, 2017.

Appeal from the Circuit Court for
Hillsborough County; Robert A. Bauman,
Judge.

Karol Williams, of Karol K. Williams, P.A.,
Tampa, for Appellant.

Mark A. Neumaier, Tampa, for Appellee.


BADALAMENTI, Judge.

Yancy Scott Richards (Former Husband) appeals multiple aspects of the

temporary alimony award, the durational alimony award, the final judgment of

dissolution, and the partial award of attorney's fees and costs to his ex-wife, Krista L.

Weber (Former Wife).  We affirm as to all issues raised by Former Husband without

comment, save for one—the trial court's order that Former Husband pay 70% of Former Wife's attorney's fees and costs.

Section 61.16(1), Florida Statutes (2015), requires that the court consider "the relative financial resources of the parties" in fashioning an award for attorney's fees, suit money, and costs in a dissolution case. Our supreme court has explained that in evaluating whether an award of fees is appropriate, courts are to "look to each spouse's need for suit money versus each spouse's respective ability to pay." Rosen v. Rosen, 696 So. 2d 697, 699 (Fla. 1997). As such, this court has explained that "the trial court cannot award fees based solely on disparity of income." Arena v. Arena, 103 So. 3d 1044, 1046 (Fla. 2d DCA 2013) (first citing Balko v. Balko, 957 So. 2d 15, 16 (Fla. 2d DCA 2007); then citing Bohner v. Bohner, 997 So. 2d 454, 457 (Fla. 4th DCA 2008)).

Here, the trial court found that "[c]onsistently throughout the parties' eight (8) year marriage," Former Husband earned approximately 70% of the parties' combined gross annual income. The trial court then ordered that Former Husband pay 70% of Former Wife's attorney's fees and costs as follows: "Based upon the parties' disparate incomes the Respondent/Former Husband has the financial ability to contribute towards the Petitioner/Former Wife's attorney fees and costs."

The trial court abused its discretion by ordering Former Husband to pay 70% of Former Wife's attorney's fees and costs because, on the record before us, the trial court based its award solely on the relative incomes of the parties and did not indicate that it considered anything besides the parties' disparate incomes. See Balko, 957 So. 2d at 16 (citing Stoler v. Stoler, 679 So. 2d 837, 838 (Fla. 2d DCA 1996)).

Although the trial court may have considered the parties' relative financial resources beyond their disparate income, such considerations are not apparent on the record before us. Thus, we reverse the trial court's award of attorney's fees and costs. We remand to the trial court for reconsideration of its award of attorney's fees and costs taking into consideration the overall relative financial resources of the parties and to make findings of fact that will allow for review of its decision. See id. If necessary, the court may take additional evidence on this issue. See id. We affirm the trial court's award of durational alimony and final judgment of dissolution in all respects.

Affirmed in part; reversed in part; remanded with instructions.

WALLACE and KHOUZAM, JJ., Concur.