NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LARRY B. INGRAM,                    )
                                    )
         Appellant,                 )
                                    )
v.                                  )        Case No. 2D18-3978
                                    )
LINDA S. INGRAM,                    )
                                    )
         Appellee.                  )
                                    )
_____    )

Opinion filed July 10, 2019.

Appeal from the Circuit Court for Polk
County; Ellen S. Masters, Judge.

Kathleen V. Logan and Teresa O.
Prescott of Prescott Legal, P.A., Tampa,
for Appellant.

Jean M. Henne of Jean M. Henne, P.A.,
Winter Haven, for Appellee.


MORRIS, Judge.

         Larry B. Ingram, the former husband, appeals a final judgment dissolving

his thirty-eight-year marriage to Linda S. Ingram, the former wife.  We affirm the

judgment of dissolution without comment, but we reverse the fee award and remand for

further findings.

The former husband argues that the trial court erred in awarding partial attorney's fees to the wife because she failed to demonstrate a need for fees after the equitable distribution placed her in a superior financial position.

This court reviews "an award of attorney's fees, whether in whole or in part, for abuse of discretion." Arena v. Arena, 103 So. 3d 1044, 1045 (Fla. 2d DCA 2013) (citing Anciaux v. Anciaux, 666 So. 2d 577, 578 (Fla. 2d DCA 1996)). "Decisions regarding an award of attorney's fees in a dissolution case are governed by section 61.16, Florida Statutes [(2017)], which requires the trial court to consider 'the relative financial resources of the parties' in evaluating whether a fee award is appropriate.' " Arena, 103 So. 3d at 1045-46. "As a general rule, when 'marital property has been equitably distributed and the parties' incomes have been equalized through an alimony award, the trial court abuses its discretion by awarding attorney's fees.' " Hanson v. Hanson, 217 So. 3d 1165, 1168 (Fla. 2d DCA 2017) (quoting Hutchinson v. Hutchinson, 185 So. 3d 528, 529 (Fla. 1st DCA 2015)); see also Matajek v. Skowronska, 927 So. 2d 981, 988 (Fla. 5th DCA 2006) ("[A]n award of attorney's fees is inappropriate if the parties are left in relatively equal financial circumstances after the dissolution." (citing Brock v. Brock, 690 So. 2d 737, 742 (Fla. 5th DCA 1997))).

As a result of the trial court's equitable distribution and alimony awards, the parties were placed in similar financial positions, with both parties having a need but neither party having an ability to pay. Yet, the trial court awarded the former wife a partial award of attorney's fees in the amount of $8901.26. It was an abuse of discretion to order the former husband to pay the former wife's partial fees when the judgment of

dissolution placed the parties in similar financial positions and there was no indication that the former husband otherwise had the ability to pay.

It is possible that the trial court ordered the former husband to pay the former wife's fees based on the former husband's behavior during the divorce proceedings. See Rosen v. Rosen, 696 So. 2d 697, 700 (Fla. 1997) (holding that in addition to the "financial resources of the parties," "other relevant circumstances to be considered include factors such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation"). The trial court did not make any specific findings regarding the former husband's behavior as it relates to fees, but the trial court's order does contain findings in other places regarding the former husband's behavior. To the extent that the trial court intended the fees to be a sanction for the former husband's litigation misconduct, the order should have contained "findings that support the reduction or enhancement factors set out in Rosen" and should have "explain[ed] what portion of the fees incurred was 'occasioned by [the former] husband's misconduct.' " Perez v. Perez, 100 So. 3d 769, 773 (Fla. 2d DCA 2012) (quoting Gagnon v. Gagnon, 539 So. 2d 1179, 1179 (Fla. 1st DCA 1989)); see Arena, 103 So. 3d at 1047 (holding that "if the trial court had intended to award [only a] portion of the [w]ife's fees and costs as a sanction for the [h]usband's litigation misconduct, the fee order contains insufficient findings" where the fee order did not contain any findings regarding the wife's behavior).

Accordingly, we reverse the attorney's fee award and remand for further proceedings. If the trial court awarded fees based on the former husband's misconduct, the trial court shall make appropriate findings to that effect.

Affirmed in part; reversed in part; remanded.

LaROSE and SALARIO, JJ., Concur.